## STATE v. JASON FOX.

*Practice—New Trial, when refused.*

A defendant who appealed from a judgment against him in a criminal action is not entitled to a new trial (where the judge who tried the case went out of office before making up a case of appeal) upon an affidavit

STATE *v.* FOX.

merely reciting that he was guilty of no neglect, and failing to state any effort on his part to perfect his appeal, and allowed two terms of this court to elapse before making his application.

(*State* v. *Edney,* 80 N. C., 360; *State* v. *Murray, Ibid.,* 364; *State* v. *Gallimore,* 7 Ire., 147, cited and approved,)

. INDICTMENT for Fornication and Adultery, tried at Spring Term, 1878, of BURKE Superior Court, before *Cloud, J.*

The record shows that the defendant and one Eliza Lackey were found guilty of the offence charged in the indictment, and moved for a new trial, which motion was overruled. The court then pronounced judgment that the defendant, Jason Cox, be imprisoned in the county jail for thirty days, and be discharged on payment of costs; and as to the other defendant, the judgment was suspended on payment of half the costs. From which the defendant, Jason Cox, prayed an appeal, which was allowed upon his filing an affidavit which sets forth his inability to secure the costs of the appeal, &c.

. And at this term of the supreme court he filed an affidavit stating substantially the above facts, and also, "that it was through no neglect of his that Judge Cloud failed to make a case for the supreme court, and that he is informed and believes that the term of office of Judge Cloud expired in August, 1878, and there is no one who can make up a case." Thereupon the defendant insisted that he was entitled to a new trial.

*Attorney General,* for the State.

*Messrs. Johnstone Jones, G. M. Smedes* and *John Devereux,* for defendant.

DILLARD, J. The defendant was convicted and sentenced at spring term, 1878, of Burke superior court, and prayed an appeal to this court; and on his motion, on the filing of the requisite affidavit of inability to give the usual appeal

37

bond, the judge below ordered that he have leave to appeal without giving security for the costs.

The record of the case below, properly so called, is not filed till the present term of the court, and it is unaccompanied with any statement in the nature of a bill of exceptions containing the exceptions taken to the proceedings in the court below; and no error being assigned, the rule is in such case to affirm the judgment, unless upon an examination of the record an error can be seen. *State* v. *Edney*, 80 N. C., 360; *State* v. *Gallimore*, 7 Ire., 147. We have examined the record and no error appears therein. The defendant, although convicted and the initiatory steps taken at spring term, 1878, fails to bring up the record proper until this term of the court, having allowed two terms to elapse without looking after the appeal. And now, at this term on affidavit he shows forth that Judge Cloud, before whom the case was tried, and who alone could sign the statement, has gone out of office; and so he has lost his appeal without any laches on his part, and thereupon he moves as his only relief that a new trial be granted him.

We would grant a new trial according to the rule in such cases as is laid down in *State* v. *Murray*, 80 N. C., 364, if it appeared that the defendant was guilty of no laches in having his appeal perfected. It is certainly not due diligence in a defendant to pray an appeal and give bond, or be excused from one, and afterwards altogether dismiss the matter and make no effort to have a statement made as required by law. The affidavit filed merely recites that defendant is guilty of no laches, but fails to state any activity or effort to perfect his appeal, and seeing his omission to bring up the record proper, it seems to be a case of appeal for delay, and nothing more.

There is no error. Let this be certified, to the end that the court below proceed to judgment.

PER CURIAM.                                    No error.