C. G. BROWN and others v. HARPER WILLIAMS.

*Appeal—Certiorari.*

A *certiorari* will not be granted where it appears that the petitioner
failed to apply for the same at the term of this court next succeeding
the rendition of the judgment against him.

PETITION of plaintiffs for a *certiorari* heard at January
Term, 1881, of THE SUPREME COURT.

No counsel for plaintiffs.
*Mr. D. J. Devane,* for defendant.

RUFFIN, J.   This is an application for a *certiorari* filed at
June Term, 1880, of this court, in which the petitioners say

that at spring term, 1879, of the superior court Duplin county, judgment was recovered against them in an action for the foreclosure of a mortgage, and that the judgment was not rendered in fact during the term, but at Burgaw (Pender county) about the last of June following, the judge having till then (with the consent of all the parties) taken the case under consideration. That the petitioners had notice of the filing of the judgment, and on the 2d of July entered their appeal and immediately made up and had served their case and endeavored to perfect their appeal by giving the bond within ten days, but were unable to do so because they could not get the opposing party to agree upon the amount for which it should be given, and as the judge was gone, there was no one to determine the matter between them. That finally getting the amount agreed on, the petitioners were enabled to give the bond and did give it by mortgaging all their property as an indemnity. That they used every effort to get the clerk to send up the transcript in the case, and were at all times ready to pay his fees, but that he deferred them from time to time, and until after the next term of the supreme court had passed, and that the fault of the delay was not their own, but the clerk's. The counter-affidavit of the clerk is filed in which that officer says that no fees were offered him for making up the transcript in the case, until some time in January, 1880, and then it was during the sitting of a special term of the superior court, and when it was impossible for him to give it attention, but that he had been at all times, both before and since that time, ready to have made it out, if the petitioners had requested him to do so and paid his fees.

While the case of the petitioners appeals somewhat to our sympathies, it is still impossible to avoid the conclusion even from their own statement that they have been guilty of laches. If unable to pay the fees due the clerk for making out and forwarding the transcript in their case, they should

have applied to the judge for an order directing that officer to perform such service without a charge, for that we think in a proper case the judge might do, from analogy to the power given him, in case he allows a party to sue *in forma pauperis,* to direct that no officer receive fees for services rendered in the case. But whether able to pay the fees or not, the parties should have either had their appeal here or applied for their *certiorari* setting forth their inability to do so at the term of this court next succeeding the rendition of the judgment against them.

According to their own showing, and so far as we can see without any just excuse, they allowed the January term of the court to pass without any motion or application, thus making a delay of one entire year, during all which time the hands of the party in whose favor the judgment was rendered and thereby creating a presumption in his favor, have been tied.

This is not that diligence required by the law of those who ask favors of it, nor is it such as is usually practiced by parties who are really in earnest in prosecuting their appeals. The petition must therefore be dismissed.

PER CURIAM.               Motion denied.