In *Howerton* v. *Henderson*, from Granville:

RUFFIN, J. This is an application on the part of the defendant, for a writ of *certiorari* to bring up an appeal from the superior court of Granville county, which has been lost, as the petitioner avers without default on his part. In support of the motion, he offers, besides his sworn petition, the affidavits of his two attorneys, Jno. W. Hays and Geo. Wortham, and of the clerk of the superior court; and also a letter from M. V. Lanier, who was of opposing counsel in that court, and which was read without objection. The respondent, on the other hand, relies upon an affidavit of the same clerk to sustain him in his opposition to the motion.

While there are some discrepancies in the several statements, as set out in the different affidavits, owing doubtless to a failure of or difference in the recollection of the parties making them, still the following facts seem sufficiently well established to justify the court in acting upon them :

The cause was tried at fall term, 1881, of the court—beginning on the 17th and terminating on the 29th of October. In addition to this action, there was another pending in the court, at the same time, between the same parties plaintiff and one Jenkins as defendant, involving similar issues, as well of law as of fact, and it was agreed in writing between the counsel in the two actions, that the one should abide the decision in the other, and that in case it

was against the defendant no execution should issue in either case, until after a final adjudication in the supreme court, in the event an appeal should be taken.

With this understanding a jury was waived, and all issues of law and fact were submitted in this action to the judge, who, after hearing the proofs, gave judgment for the plaintiffs, from which an appeal was prayed in open court, and notice thereof accepted of record, and this defendant being infirm and of limited means, it was agreed between his counsel and those of Jenkins, (the defendant in the other action mentioned,) that the latter should see to the giving of the appeal bond.

Accordingly, the latter did make a bond and filed it with the clerk during the term at which the judgment was rendered, but the sureties thereto failed to justify the same.

Some week or more after the adjournment of court, Mr. Hays, as counsel for petitioner, prepared a statement of the case on appeal, and submitted the same to Mr. Lanier, of counsel for the plaintiffs in the action, who suggested some amendments which were assented to, and the statement then agreed to and signed by those gentlemen as the attorneys of the respective parties. This statement, with the other papers in the cause, Mr. Hays then delivered to the clerk, calling his attention to the fact that it had been agreed to and signed by counsel as the one to be certified to the supreme court, but for some reason the clerk either failed to apprehend it, or subsequently overlooked it, and laboring under the impression that no such statement of the case had been filed, he omitted to prepare and forward the transcript of the cause, in time for the October term of this court.

In March, 1882, Mr. Wortham, learning from a gentleman of the bar in Raleigh, who was likewise of counsel for the petitioner, that the transcript had not been forwarded, called on the clerk to ascertain the reason, and upon being

told by that officer that no case on appeal had ever been filed, took the papers for the purpose of seeing Mr. Hays about the matter, but not being able to do so for a day or two, he examined the papers himself and found the case in the file. Thereupon he immediately returned the papers to the clerk, it being on the 10th day of March, and requested him to prepare and forward the transcript at once, which he undertook to do, and would have done, but for the fact that he was taken sick, and by reason thereof was unable to do so before the 20th of the month, by which time the call of the docket for that district in this court had been completed.

Upon the docketing of the appeal on the 22d of March, the counsel, representing the plaintiffs in this court, moved to dismiss it, upon the two-fold ground that it was not docketed in time, and that the appeal bond had not been justified, and upon that motion being allowed, the defendant presents this application.

This court is of opinion that the petitioner is entitled to the benefit of the writ.

1. Whatever imperfection there may have been in the appeal bond given, was waived when the counsel for the appellee in the case, agreed to and signed the statement of the case on appeal.

The bond had then been on file in the clerk's office for a week or more, and if not satisfied with it, that was the time to have made known the objection.

2. It has not been usual, nor is it required that appeals taken from a superior court held during a term of this court should be docketed during the same, but it has always been held to be sufficient if docketed at the ensuing term. The practice which obtained under the Rev. Code, ch. 4, § 25, of docketing appeals at the "term next ensuing," the taking thereof has not been abrogated by any provision of the Code of Civil Procedure, or any rule of this court, the latter only

providing, that, if sooner docketed and before the expiration of the time assigned to the district, they shall be called.

3. That the appeal taken in this case was not docketed in time at the next ensuing term of this court, was altogether owing to the unexpected indisposition of the clerk of the superior court. If able to have prepared the transcript of the record on the 10th of March, as he was specially importuned to do by petitioner's counsel, the cause would have been here and might have been heard upon the first call of the docket, as we find by reference to the calendar of causes kept here. We can discover nothing that savors of a lack of diligence in the conduct either of the petitioner or his counsel. If he had omitted to ask for a *certiorari* at this term, then according to the authorities he would have forfeited his claim to the aid of the court. *Staples* v. *Mooring*, 4 Ired., 215; *Smith* v. *Lyon*, 82 N. C., 2. But as it is, he in time.

4. The petitioner, it is true, fails to set forth in his application the merits of his case, even so far as to present a *prima facie* case, and if it stood alone we should be compelled to deny his motion. But he accompanies his petition with the statement of the case as heretofore presented in this court, and was allowed to read the same without objection, and thus remedied the defect.

The conclusion of the court therefore is that the writ issue as prayed for, in order that the petitioner's appeal may be restored to the docket.

PER CURIAM.                    Motion allowed.