STATE v. ELI O'KELLY.

*Appeal in State Cases.*

1. Appeals in criminal as well as in civil cases must be taken to the *next* ensuing term of this court.
2. Where the judge who tries a criminal action goes out of office before making up the case on appeal, a new trial will be awarded, provided the defendant himself is guilty of no laches.

(*Isler* v. *Haddock,* 72 N. C., 119; *State* v. *Fox,* 81 N. C., 576, cited and approved).

INDICTMENT for bigamy tried at June Term, 1882, of WAKE Superior Court, before *Bennett, J.*

After verdict of guilty and before the judgment was pronounced, the judge resigned and the office became vacant. James C. MacRae being appointed his successor, qualified, and presided at the same term, and upon motion of the solicitor, proceeded to judgment against the defendant, from which he appealed.

*Attorney-General,* for the State.
No counsel for defendant.

RUFFIN, J. As the judge who presided at the trial, and before whom the exceptions were taken had gone out of office,

no statement of the case on appeal was ever prepared, or filed with the clerk below, nor was any ever sent to this court.   The transcript of the record was filed with the clerk here on the 29th day of January, 1883.

When the cause was called the Attorney-General moved to dismiss the defendant's appeal upon the ground of his laches, in that, he failed to docket the transcript at the October term last of this court.

The retirement from office of the judge who presided at the trial, put it out of the defendant's power to have his exceptions stated, and he would, therefor, without doubt, have been entitled to a new trial under the rule laid down in *Isler* v. *Haddock,* 72 N. C., 119, and that class of cases, provided he had been diligent in docketing his appeal.   But parties cannot be permitted to dally with the courts in any such manner.   If they take appeals, they must press them with earnestness, and not in such wise as to leave the impression that they are seeking delay in the execution of the sentence, rather than a reversal of the judgment. The decision in *State* v. *Fox,* 81 N. C., 576, was put partly on this ground, and it commends itself to the court, with whom the maxim is, *leges vigilantibus non dormientibus factæ sunt.*

We have more than once said that an appeal meant an appeal to the *next term,* and if neglected to be so taken, the party would have no favors extended to him.   Acting upon this principle, we feel constrained to yield to the motion of the Attorney General.

The judgment of the court below is, therefore, affirmed, and this will be certified, to the end that the cause may be proceeded in according to law.

No error.                                    Affirmed.