ADDISON WILEY and others v. A. W. LINEBERRY and others.

*Appeal—Certiorari.*

1. A *certiorari* will be granted, as a matter of right, where it appears that the appellant has been deprived of his appeal by no laches on his part, but by the conduct of the opposing party, as shown here.

2. The court suggest that if any difficulty arises in procuring a statement of the case, parties should cause the record proper to be filed and the case docketed, so that they may be in a position to ask the aid of the court in perfecting the appeal without delay.

(*Skinner* v. *Maxwell*, 67 N. C., 257, cited and approved).

PETITION for *certiorari* heard at February Term, 1883, of THE SUPREME COURT.

*Messrs. Dillard & Morehead* and *Hinsdale & Devereux,* for plaintiffs.
*Messrs. Scott & Caldwell,* for defendants.

RUFFIN, J. This cause was tried at fall term, 1882, of Guilford superior court, and the verdict and judgment being in favor of the defendants, the plaintiffs appealed to this court.

Notice of appeal was given in open court, and the parties were allowed thirty days to prepare the case on appeal, and afterwards an order was made, upon proper certificates and affidavits, permitting the appeal to be taken without security.

The cause was not docketed at the October term of this court, until the end of the week assigned to the 5th judicial district, when the appellee caused a transcript of the record to be docketed and moved the court to dismiss the appeal at the costs of the appellant, and thereupon an order to that effect was made.

The plaintiffs now move for leave to docket their appeal and for a writ of *certiorari* to bring up the record, and in support of their motion offer the affidavits of their counsel, Mr. Robert

R. King, and the clerk of said court, as tending to explain their failure to docket the cause in due time.

Mr. King in his affidavit states that, knowing that his clients had been allowed to appeal *in forma pauperis,* and that therefore the clerk would get no fees for his services in the matter, he proposed to take upon himself the labor of preparing the transcript, all except the certificate, which was assented to by that officer; that with this view, and in time sufficient to have had the transcript filed as required by the rules of this court, he called at the clerk's office for the papers in the cause, but was told that they were not there. He then made a like application for the papers at the office of the attorneys for the appellees (only one of whom however was present), and was informed that the papers were all there except *the case on appeal,* and that had been lost and could not be found. That the attorney also informed him that he was then engaged in making out a transcript of the case, and had it partially done. He then proposed, with the assent of the attorney, to take his work and complete it, and to send it on for the appellants, but this not being agreed to, he took the papers, again being assured that they were all there except the statement of the case as signed by the judge. Not doubting that the missing paper would be found, he went immediately to work to make out the transcript, and did make it out so far as he could without that paper. He then made another application to the clerk for it, and upon learning that it had not yet been found, caused search to be made for it, but without availing anything. While engaged in making the search, the time prescribed by the rule, within which the transcript should be docketed, passed, without his being able to complete and forward it to this court. Thus matters stood until the end of the October term of this court, and after the appellees had caused a transcript to be filed and the appeal dismissed (which transcript had been prepared by their counsel, and contains an exact copy of the paper said by him to have been missing), when the case as signed by the judge was

found by the clerk upon his table, though when and by whom placed there that officer did not know.

The clerk in his affidavit simply, but fully confirms the statements of Mr. King, as to his having applied for the papers and their absence from the office; the fact that they were said to have been found at the attorneys for the appellee, all except the statement of the case prepared by the judge; and the appearance of that paper, for which he could not account, upon his table after the plaintiffs' appeal had been dismissed.

The defendants offer no opposing testimony, nor do they attempt to explain the case as made by the affidavits offered by the plaintiffs.

Taking the facts to be as set forth in those affidavits, the court cannot for a moment hesitate to grant to the plaintiffs the benefit of the writ they ask for. It would be a reproach to the law, and bring shame upon the courts, if they were to permit parties who had themselves been guilty of no laches to be deprived of their appeal in any such manner.

This is no ordinary case in which the court is asked in its discretion to set aside its order dismissing an appeal, and therefore it does not fall under Rule 42, which requires that before such an order shall be made, the appellant whose appeal may have been dismissed shall repay to the opposing party his costs incurred in the matter. These plaintiffs base their claim to the aid of the court upon such a state of facts as entitles them to it, as a matter of right, and not in the discretion of the court, and therefore the court declines to impose any such terms upon them. *Skinner* v. *Maxwell,* 67 N. C., 257.

We take occasion, however, to suggest, that in a case like the present, and in all others in which there should be any difficulty in procuring a statement of the case on appeal, it is best that parties should at least forward and cause to be docketed a transcript of the record proper of the case. In this way, they will secure a footing in this court, and can always have its aid in per-

fecting their appeals, and it may be that the court will hereafter insist upon this course being taken.

The clerk of this court will at once docket this cause and will issue the *certiorari* as prayed for by the plaintiffs.

Judgment accordingly.