J. M. CROSS v. G. W. CROSS and wife.

*Appeal— Certiorari— Mandamus.*

1. A petition for a *certiorari* as a substitute for an appeal, must be filed at the term of this court next succeeding the rendition of judgment against the petitioner.
2. A *mandamus* requiring a judge to settle a case on appeal, upon exceptions filed by the appellee, will not be granted where the party himself is guilty of laches.

> (*Brown* v. *Williams,* 84 N. C., 116, cited and approved).

PETITION for certiorari heard at February Term, 1884, of THE SUPREME COURT.

*Mr. J. M. McCorkle,* for plaintiff petitioner.
No counsel *contra.*

ASHE, J.   The petition states that at fall term, 1882, of Davidson superior court, judgment was rendered in behalf of the defendants in an action pending in said court, wherein the petitioner, J. M. Cross, was plaintiff, and G. W. Cross and wife defendants; that the petitioner appealed to the supreme court, filed his bond in due time, and his counsel, during the term, made out a case on appeal, which was duly served on the appellees; that they, through their counsel, returned the "case," with their objections, to the counsel of the petitioner, who the next day handed the same to His Honor, Judge Avery, who presided at said court, for settlement; that neither he nor his counsel, as he is informed and believes, were ever notified by His Honor of the time and place of settling the case on appeal. The petitioner therefore prays that a writ of *mandamus* or *certiorari*, or other proper process, be issued to His Honor, Judge Avery, requiring him to settle the "case," and forward the same to the clerk of Davidson superior court, that it may be filed, and a transcript of the record and the case sent to this court.

The petitioner is not entitled to the remedies he seeks by his petition to secure an appeal.   He has lost his right of appeal by his laches.   The law requires that he should make his application for a *certiorari* at the term of the appellate court next succeeding the rendition of the judgment against him.   *Brown* v. *Williams*, 84 N. C., 116.   There, the petitioner allowed twelve months to elapse before filing his petition, and it was held he had lost his appeal by his laches.   But, in this case, he has delayed making his application more than two years after the rendition of the judgment against him.   He has been guilty of gross laches, and has thereby lost his appeal.   The writ is refused, and the petition dismissed.

Writ refused.