J. L. SUITER v. E. W. BRITTLE and others.

*Appeal—Attorney and Client—Appearance for special purpose.*

1. Appeals must be docketed in this court at the term next after they are taken.
2. Where counsel appear specially, the entry should state the special purpose; but a failure to so state it from inadvertence cannot be construed to be a waiver of the right of his client.

(*Smith* v. *Lyon*, 82 N. C., 2; *Brown* v. *Williams*,, 83 N. C., 684, and 84 N. C. 116; *Wiley* v. *Lineberry*, 88 N. C., 68; *State* v. *O'Kelly, Ib.*, 609; *State* v. *Randall, Ib.*, 611, cited and approved.)

MOTION to dismiss an appeal heard at February Term, 1884, of THE SUPREME COURT.

*Messrs. T. W. Mason* and *R. B. Peebles,* for plaintiff appellant.
*Mr. Thomas N. Hill,* for defendant appellee.

MERRIMON, J.   The appellee moved at the present term to dismiss the appeal in this case, upon the ground that it was taken at the spring term, 1883, of the superior court of Northampton county, and was not brought up and docketed at the last October term of this court, nor until the second day of February of the present year, and no steps were taken at the October term to bring it up.

At this term, the counsel for the appellee entered his appearance without specifying that he appeared only for the purpose of making the motion to dismiss the appeal.   The appellant insisted that the appearance of the counsel was general, and operated as a *waiver* of the ground of the motion.

The counsel for the appellee declared and insisted that he intended to appear only for the purposes of the motion.   The motion was entered in writing several days before it came up for argument, and it is very manifest to the court, that it was the counsel's purpose to appear as he insisted, and he must be so.

treated. His course of action sufficiently indicates his purpose. A mere or slight inadvertence of counsel in failing to enter specially, that he entered his appearance only for the purpose of making a motion, cannot be construed to be the *waiver* of the right of his client. Regularly, however, the entry of the appearance should specify the special purpose, if there be any.

This case does not require that we shall pass upon the question how far a general appearance of counsel might operate as a waiver of the grounds of motion like the present.

The appeal having been taken at the spring term, 1883, of the superior court, the law required the clerk of that court to transmit to the clerk of this court, within twenty days after receiving a copy of the case settled for this court upon appeal, a copy of the judgment roll and of the case settled. Granting all the time allowed by law for taking the appeal and settling the case upon appeal, in any possible view of the matter, the transcript ought to have reached the clerk of this court more than a month before the beginning of the last October term, and the appeal ought to have been docketed on the first day of that term. The rule of practice required that it should be docketed within the first eight days of the term; if docketed afterwards, it stood continued under the rule.

It was the plain duty of the appellant to see that his appeal was duly docketed at the term of this court to which it was taken. He might have moved on the first day of the term to compel the clerk to send it up. As he did not, and did not at any time during the October term, he lost the appeal. It is well settlled that the appeal must be brought up to the term of this court next after it was taken. And in cases where no case was settled upon appeal for this court, it is the duty of the appellant to docket the appeal and place himself in position to take such further steps as he may be advised, to perfect his appeal. The appeal is not now properly in this court, and the appellee has rights in regard thereto that he may assert in the way he seeks to do by his motion. *Smith* v. *Lyon*, 82 N. C., 2; *Brown* v. *Williams*, 83

N. C., 684; *Brown* v. *Williams*, 84 N. C., 116; *Wiley* v. *Line-berry*, 88 N. C., 68; *State* v. *O'Kelly*, 88 N. C., 609; *State* v. *Randall*, 88 N. C., 611.

It is suggested by affidavit, that the clerk of the superior court sent a transcript of the record more than once, and in due time, that failed to reach this court. That may be, but that fact did not prevent the appellant from taking the proper measures at the October term to bring his appeal up; indeed, it afforded the strongest reason why proper and prompt action should have been taken. There could scarcely be more manifest neglect.

The appellee is entitled to have his motion allowed, and the appeal must be dismissed. It is so ordered.

Appeal dismissed.