HENRY B. OWENS and others v. W. H. PHELPS and others.

### *Appeal—Certiorari.*

Where an appeal is taken, the record should be transmitted to this court and the appeal docketed, whether the case is settled or not, so that all proper action can at once be taken to perfect it for hearing. The *certiorari* is allowed. See *Mott* v. *Ramsay, ante,* 249.

MOTION of plaintiffs for *certiorari* heard at October Term, 1884, of THE SUPREME COURT.

*Messrs. J. M. McCorkle* and *Hinsdale & Devereux,* for plaintiffs.

*Messrs. J. A. Williamson* and *Clement & Gaither,* for defendants.

MERRIMON, J. We are of opinion that the petitioner is entitled to have the case settled upon appeal, for this court, in the action in his petition mentioned, and the writ of

*certiorari*, to bring up the whole case as if the same had come up regularly by appeal.

At the term of the court at which judgment was rendered against the petitioner, he took an appeal and gave an undertaking in that respect as required by law. The petitioner's counsel at that term requested the defendant's counsel to extend the time within which to prepare the statement of the case upon appeal. This request was granted, and the time was so repeatedly extended, as appears by the affidavit of the defendant's counsel. The petitioner's counsel being ill, the statement of the case was not made and served within the last extention of time, but it was prepared within a short while next thereafter and sent to the defendant's counsel, and he received it. The defendant, in the meantime, instructed his counsel not to approve of or except to the statement of the case upon appeal, or extend the time further for perfecting the appeal, and the counsel plainly on that account declined to do so.

The appeal was taken to the last fall term of this court. The statement of the case upon appeal was made and served in July next before that term. If the counsel of the defendant had approved of, or excepted to the statement of the case, in the regular course, the appeal might have been tried at the last October term of this court, and without any prejudice to the defendant owing to the extension of time within which to perfect the appeal. The counsel of the defendant simply extended to the counsel of the plaintiff a courtesy for his convenience that did not prejudice his client. The latter cannot take advantage of that to the injury of the petitioner. The time being extended, as is admitted, if the petitioner's counsel became ill and hence unable to make and serve the statement within the exact limit of time agreed upon, but did so shortly thereafter and within time for all practical purposes, this was sufficient, as it ap-

pears there was from the beginning, a *bona fide* intention to prosecute the appeal.

It would be much better if no such engagements to extend time within which to perfect appeals were ever made. They generally give rise to misapprehension, misunderstanding, and some times unfriendly feelings and bitter contests. But when made and admitted as in this case, the party complaining cannot be prejudiced, more especially where he takes action within time and in manner to work no substantial prejudice to the opposing party.

In this case, it seems to us, that the spirit of the engagement to extend the time, especially in view of the illness of the petitioner's counsel, was substantially complied with, and if the defendant had not interposed his objection, as he ought not to have done under the circumstances, he would not have suffered the consequent delay.

The petitioner ought regularly to have brought up and docketed his appeal, and made his motion therein for the writ of *certiorari*, but as no injury seems to have been caused by his failure to do so, this is not fatal to his present application.

Ordinarily, when an appeal is taken, it ought to be brought up, whether the case for this court is settled or not, and all proper motions to perfect the record for this court can be made in it.

We grant the writ of *certiorari*, to be directed to the clerk of the superior court of Davie county, commanding him to certify to this court the record in the action mentioned in the petition, according to law, including the case settled upon appeal for this court, when the same shall be filed in his office.

The petitioner may make his statement of the case upon appeal, and the case may be settled as directed by THE CODE, § 550, except, that he shall make and serve his state-

ment thereof on the defendant, on or before the 25th day of January next. *Mott* v. *Ramsay*, decided at this term, *ante* 249, and the cases there cited. It is so ordered.

*Certiorari* allowed.