G. W. PITTMAN et als. v. JOHN KIMBERLY et als.

*Appeal— Certiorari— Case on Appeal.*

1. An appeal must be brought to the next term of this Court held after the appeal is taken.

2. If for any reason the Judge fails to settle the case on appeal upon disagreement of counsel, in time for the appeal to be docketed in the Supreme Court, the appellant must bring up the record in its imperfect state and have it docketed, and then move for the proper orders to get the case on appeal before this court, otherwise the appeal will be dismissed.

3. It is the duty of the appellant and not of the clerk to have the record sent to the Supreme Court. So where the case on appeal was filed in the office of the Clerk of the Superior Court a short time before the Term of the Supreme Court to which it should have been brought expired, but the transcript was not docketed until during the next term, the appeal was dismissed, although the appellant had applied for a *certiorari* at the term at which his appeal should have been docketed.

(*Smith* v. *Lyon*, 82 N. C., 2; *Officers* v. *Bland*, 90 N. C., 6; *Suiter* v. *Brittle*, Ibid 19; *State* v. *O'Kelly*, 88 N. C., 609; *Wiley* v. *Lineberry*, 88 N. C., 68; *Owens* v. *Phelps*, 91 N. C., 253, cited and approved.)

MOTION by the defendants to dismiss an appeal heard at February Term, 1885, of the Supreme Court.

The facts appear in the opinion.

*Messrs. Theo. F. Davidson, C. A. Moore and Battle & Mordecai* for the plaintiffs.

*Mr. J. H. Merrimon* for the defendants.

SMITH, C. J. This action for the recovery of land was brought to a trial and determined at Spring Term, 1884, of Buncombe Superior Court in a verdict and judgment for the defendants. The plaintiffs entered their appeal and filed the undertaking on July 7th as prescribed by law. Their counsel at once prepared the case on appeal and caused it to be delivered to the defendants' counsel who filed exceptions, and both papers were forwarded to the judge before whom the trial was had, who

received them while holding a term of the Superior Court of Randolph county. The case was settled after some delay, which he explains, and transmitted to the clerk of the Superior Court of Buncombe and received by him on December 13th, 1884, as was conceded in the argument, for the record shows no note of the date of the filing.

On the day previous the appellants applied for a writ of *certiorari*, stating in their petition besides the facts already mentioned, that their counsel made repeated requests, by letters addressed to the judge, to settle the case, having obtained the consent of counsel for the appellees that it might be done without the presence of or notice to the counsel of the time and place of doing so, and that more recently application was made by telegram, to which he returned answer that he had been in ill health and much pressed for time, but would soon prepare and transmit the case to the clerk. This was accordingly done at the time mentioned. This court remained in session until the 27th day of December, the day of its adjournment. The transcript was sent up and filed with the clerk of this court, as appears from his endorsement thereon, on March 24th of the present term.

The appellees now move that the appeal be dismissed because it was not prosecuted by filing a transcript at the last term, which in numerous decisions we have held to be necessary to its maintainance in this court. *Smith* v. *Lyon*, 82 N. C., 2; *Officers* v. *Bland*, 90 N. C., 6; *Suiter* v. *Brittle*, Ibid, 19; *State* v. *O'Kelly*, 88 N. C., 609.

The motion is met by the suggestion that the cause was in legal effect put upon the docket at the proper time by the filing of the petition for the *certiorari*, the pressing of which was dispensed with by the filing of the full transcript at the present term. And it is further maintained that it was the duty of the clerk, not of the appellants, to send up the record before, if necessary to the perfecting of the appeal, as well as after, the case was received from the Judge.

This is a misconception of the law. The default, if there be such, is that of the appellants, not of the clerk. The statute imposes upon him the duty "on receiving a copy of the case settled" to "make a copy of the judgment roll and of the case," and within twenty days to transmit it properly certified to the clerk of this court. *Code,* sec. 551. This limited time had not ended when the term of this court expired, and while the clerk might have done this during the remaining fourteen days, he was not required to do it.

But it was the duty of the appellants to perfect their appeal by filing a transcript, whether with or without the case stated, during the October sitting of the court. We have heretofore called attention to this, and suggested to appellants and counsel that the record, even in its imperfect form, should be filed so as to constitute the cause in this court during the term next succeeding the appeal.

In *Wiley* v. *Lineberry,* 88 N. C., 68, determined two years since, Ruffin, Judge, in concluding the opinion, uses this language:

"We take occasion to suggest, that in a case like the present, and in all others in which there should be any difficulty in procuring a statement of the case on appeal, it is best that parties should at least forward and cause to be docketed, a transcript of the record proper of the case. In this way they will secure a footing in this court and can always have its aid in perfecting their appeals, and it may be *that the Court will hereafter insist upon this course being taken.*"

The admonition was repeated by Justice Merrimon a year later when he said that "in cases where no case was settled upon appeal for this court it is the *duty of the appellant to docket the appeal* and place himself in position to take such further steps as he may be advised *to perfect* his appeal. *Suiter* v. *Brittle,* 90 N. C., 19.

The same declaration as to the proper practice was reiterated at the last term, when it is said that "ordinarily when an appeal

is taken, it ought to be brought up, *whether the case for this court is settled or not,* and all proper motions to perfect the record for this court can be made in it." *Owens* v. *Phelps,* 91 N. C., 253.

The reason for the requirement of this course is obvious, to show an intention to proceed in the cause in the appellate court and not to abandon the appeal.

There was no occasion for the *certiorari,* for there was no neglect or misconduct imputed to the clerk in failing to send up the record as it then was, and the application of the writ, as directed to the judge, would have been proper after the appeal had obtained a footing in this court. It is not suggested that any request was made of the clerk to prepare and transmit a copy of the record, as it then was, or even after it was completed by the case sent to him by the judge. What excuse is offered for the omission? And why was not the transcript sent up before the end of the term? No satisfactory answer is given to these inquiries, and for this delay no sufficient excuse is offered. It is an imperative duty to enforce the rules of practice prescribed for appeals as long as they exist, and modify them if found harsh or oppressive in their operation, and these rules will be found in the action of the court, and in the opinions delivered, as well as those expressed in formulas. We are constrained therefore to refuse to entertain the appeal and it must be dismissed. Let this be certified.

Appeal dismissed.