J. L. SUITER v. E. W. BRITTLE, *et als.*

*Appeal—Certiorari.*

Where an appellant allowed the term of the Supreme Court to which his appeal should have been taken to pass without either causing his appeal to be docketed in the Supreme Court, or obtaining a *certiorari* in lieu of an appeal; *Held*, that he was not entitled to a *certiorari* at the next term of the Supreme Court.

(*Suiter* v. *Brittle*, 90 N. C., 19, cited and approved. *Howerton* v. *Henderson*, 86 N. C., 718, distinguished and approved).

PETITION for a *certiorari* heard at October Term, 1884, of the Supreme Court.

The petitioner alleged in substance that the judgment was rendered against him on the 13th day of April, 1883, and on the same day he caused a notice of appeal to be filed in the record and filed his appeal bond and statement of the case on appeal. That his counsel instructed the clerk of the Superior Court to send a transcript of the record to the October Term, 1883, of the Supreme Court, which the petitioner alleges, that the clerk did, but the transcript was never received by the clerk of the Supreme Court.

That, in November, 1883, petitioner's counsel first ascertained that the transcript had not been received by the clerk of the Supreme Court, and he at once requested the clerk of the Superior Court to make out and forward another transcript, which the petitioner says said clerk alleges he did.

That, early in December, 1883, one of his counsel, being in Raleigh, ascertained that the second transcript had never been received by the clerk of the Supreme Court, and being obliged to leave the State on account of sickness in his family, he requested the clerk of the Supreme Court to write to another of petitioner's counsel informing him that the transcript had not been received, which the said clerk at once did.

Petitioner's counsel then requested the clerk of the Superior Court to make out and forward a third transcript, but the clerk informed him, that owing to sickness in his family, he could not do so before the session of the Supreme Court would end.

This petition was filed on April 21st, 1884, during the Spring Term, 1884, of the Supreme Court.

*Messrs. T. W. Mason* and *R. B. Peebles*, for the plaintiff.
*Messrs. T. N. Hill* and *Day & Zollicoffer*, for the defendants.

MERRIMON, J. The action mentioned in the petition was tried at Spring term of 1883 of the Superior Court of Northampton county, and there was judgment for the defendants, from which the plaintiff appealed to this court. This appeal was not docketed in this court at the term thereof next after the appeal was taken, which was its October term of 1883, nor was it docketed here until the 2d day of February, 1884. At the Spring term of 1884 of this court, it was dismissed, because it was not brought up to the October term next preceding that term, and no steps had been taken at the October term mentioned, before this court to bring it up. *Suiter* v. *Brittle,* 90 N. C., 19.

The appellant having thus lost his appeal, makes this application for the writ of *certiorari* to bring up the case as upon appeal.

There was manifest and inexcusable negligence on the part of the petitioner. Regularly, the appeal lost ought to have been brought to the October term of 1883 of this court. This was not done, and no steps were taken at that term to bring it up, and no reasonable excuse appears for the failure to do so. The appellant's counsel were aware that it was not then here as it ought to be, and repeatedly urged the clerk of the Superior Court to send it up. The affidavit of the clerk is not filed as part of the evidence, but it is said that he claims to have twice sent the transcript by mail to the clerk of this court. If he did, so far as appears, it miscarried. But this, if true, is not reasonable diligence or excuse.

Appellants must be vigilant in prosecuting their appeals. The appellees have rights as well as they, that must be respected; and besides, it is important in a high degree, that the order of procedure shall be upheld. The rule is plain and well settled, that appeals must be brought to the next term of this court after they are taken, and if, for any cause, they fail to get here, proper steps must be taken at that term to bring them up; else, the appeal will be lost. There may be possible cases where this rule might be relaxed, but this case is clearly not one of them.

The counsel for the petitioner relied upon *Howerton* v. *Henderson*, 86 N. C., 718. That case does not support the petitioner's contention. There, the appeal was taken at the Fall Term of 1881, of the Superior Court, during the October term of that year of this court. It was not brought to the February term of this court next thereafter as, regularly, it ought to have been, and at that term the application for the writ of *certiorari* to bring it up was made. In that case, the Court says, that "if he (the petitioner) had omitted to ask for a *certiorari* at this term, then according to the authorities he would have forfeited his claim to the aid of the Court."

It is said, this and like cases are "hard cases," as to the appellants, who so lose their appeals. We are not at liberty to consider the *hardship* of the case, if we were disposed to indulge

our sympathies in such matters. The law requires in plain, strong and stringent terms, that an appellant shall duly perfect his appeal, and if he fails to do so, the appellee at once, as a consequence, acquires rights, that he may assert, if he chooses, and that the Court is as much bound to respect and uphold as any other right given and secured by the law. Courts of justice have no authority to allow "hard cases," as they are called, to affect their judgments, unless in cases where the relief sought lies in their discretion, and then they should be careful not to lose sight of justice!

The prayer of the petitioner must be denied, and the petition dismissed.                                    It is so ordered.