L. J. NORMAN v. ICE SNOW, et als.

*Certiorari—Appeal.*

1. Where, by agreement, the trial Judge takes the papers and renders judgment in vacation as of the Term, the appeal should be to Term of the Supreme Court next after the Term of the Superior Court as of which the judgment is rendered.

2. A certiorari in *lieu* of an appeal, will not be granted when applied for after the Term to which the appeal should have been brought has expired.

(*Suiter* v. *Brittle*, 92 N. C., 53 ; *Pittman* v. *Kimberly*, 92 N. C., 562, cited and approved).

Application by the defendant for certiorari in *lieu* of an appeal, filed at October Term, 1885, of the SUPREME COURT.

The action was tried at Spring Term, 1884, of the Superior Court of SURRY county, before *Gilmer, Judge.*

The material facts are substantially these : An action was pending in the Superior Court of the county of Surry, at Spring Term, 1884, thereof.   In pursuance of an order before that term made therein, certain land had been sold, and report of the sale made.   The plaintiff moved to set the sale aside and vacate the order authorizing the same, which motion was then argued, and it was agreed by the parties, that the Court might take time to consider of it, and, in vacation, give judgment as of the Term mentioned.

Afterwards, in October of the same year, the Court made an order setting the sale aside, and directing a resale of the land. From this order, the defendants and the purchasers at the sale, appealed to this Court.

*Mr. Geo. V. Strong,* for the plaintiff.
*Mr. C. B. Watson,* for the defendants.

MERRIMON, J. (after stating the facts).   The appellants and appellee having failed to agree upon a statement of the case upon

appeal, the Court did not promptly settle the case upon appeal as it ought to have done. It seems, that the Judge took the papers for the purpose, in February, 1885, and kept them until some time in the present year, when he settled the case for this Court.

At the last October Term of this Court, (December 1st), this application was made, and prior to that time, no steps had been taken here to bring up the appeal.

Strictly, the appeal should have been brought up to the October Term, 1884, of this Court, for the appeal was taken from an adjudication made as of Spring Term, 1884, of the Superior Court. It appears that the order appealed from, was made shortly before the Fall Term, 1884, of the last named Court. Nevertheless, the appeal might have been brought up promptly to the proper term here, although the case had not been settled upon appeal, and a *certiorari* might have been applied for to bring up the case when settled. This was not done, however, nor was it brought up to the Spring Term, 1885, of this Court, nor were any steps taken for that purpose, until the filing of this application at the last October Term.

If it be granted that there was reasonable excuse for failing to bring the appeal here at the first Term after which it was taken, and if it could not after that be brought, because the Judge who made the order appealed from, had the papers away from the Clerk's office for nearly a year after he first received them, to settle the case upon appeal, this was no reasonable or sufficient excuse for failing to make this application at Spring Term, 1885. It might, so far as appears, just as well, and ought in any case, to have been made at that Term. It was not a matter of discretion with the appellants when they would bring up their appeal. The appellee had rights to be regarded—he had the right to have it heard and determined according to the course of the law, and to this end the appellants were bound to prosecute their appeal with reasonable diligence, and to be vigilant in that respect. In *Suiter* v. *Brittle*, 92 N. C., 53, this Court said: " The rule is plain and well settled, that appeals must be brought

to the next Term of this Court after they are taken, and if for any cause they fail to get here, proper steps must be taken at that Term to bring them up, else the appeal will be lost. There may be possible cases where this rule might be relaxed, but this case is clearly not one of them." *Pittman* v. *Kimberly*, 92 N. C., 562.

No facts appear that take the present case out of the ordinary rule. The fact that the Judge had the papers in the action, so that a transcript could not be sent up, was no excuse for failing to make this application at least at the Spring Term, 1885. That the papers were absent from the proper files in the Clerk's office; that the Judge had so long delayed to settle the case upon appeal; was imperative cause for making the application at the Term last mentioned. It was the duty of the appellants to apply then, and the law so required, if they would thereby save their lost appeal. As the facts appear, it was manifest neglect that it was not then made, and the appellants lost their appeal, and, as well, their right to the writ of *certiorari* as a substitute therefor. The application must be denied, and the petition dismissed. It is so ordered.

Motion denied.