### STATE v. B. F. FREEMAN.

*Practice— Certiorari—Failure to Docket Transcript.*

Where an appellant, without whose default the case on appeal was not
    settled by the Judge, failed to docket the transcript of the record
    at the next succeeding term of this Court, but applied at such term
    for a *certiorari*, the writ will not be allowed.

The defendant was tried and convicted at Fall Term,
1893, of MADISON Superior Court, before *Armfield, J.,* on an
indictment under section 1062 of *The Code,* and appealed.
Without default of his own (as defendant alleges) the case
on appeal was not settled by the Judge below, and at this
(February, 1894) Term of this Court he applied for a *certiorari,* but did not cause the transcript of the record to be
docketed.

*The Attorney General,* for the State.
*Mr. J. F. Morphew,* for defendant (petitioner).

CLARK, J.: This is a petition for *certiorari.* It was filed
at the first Term of this Court after the trial below. The
ground of the application is that the case on appeal was
not settled by the Judge without any default on the part of
the appellant. The petitioner, however, failed to docket
at such term the transcript of the record proper. In
*Pittman* v. *Kimberly,* 92 N. C., 562, it is held by SMITH, C. J.,
that if for any reason the Judge fails to settle the case
on appeal on disagreement of counsel the appellant must,
in proper time, docket the transcript of the record proper
and then move for a *certiorari* to bring up the "case on
appeal," and that it is the duty of the appellant, not of the
Clerk, to have the record sent up. In that case the appeal

was dismissed, even though, unlike the present case, the transcript of the record proper had been filed at the next Term before the motion to dismiss was made.    In this case no record proper has yet been filed, and there is nothing to show that the case was properly constituted in the Court below.    There is nothing before us save the petition.

*Pittman* v. *Kimberly, supra,* is exactly in point, and has often been cited and approved. *Stephens* v. *Koonce,* 106 N. C., 255, 256; *Porter* v. *Railroad,* 106 N. C., 478; *State* v. *Preston,* 104 N. C., 733; *Bailey* v. *Brown,* 105 N. C., 127; *Pipkin* v. *Green,* 112 N. C., 355.    Motion denied and appeal dismissed.                                    Dismissed.