J. M. BRENDLE v. A. J. REESE et al.

*Practice—Case on Appeal—Motion to Remand—Appeal from an Interlocutory Order—Amendment.*

1. Where there is no case on appeal, and the appellant has been in no *laches*, a motion to remand would be allowed, if a case on appeal were essential.

2. An appeal does not lie from an interlocutory order before final judgment.

3. The granting or refusing an amendment is a matter of discretion, and no appeal lies therefrom.

Motion to remand the cause, on the ground that there is no case on appeal.

*Messrs. G. S. Ferguson* and *J. B. Batchelor,* for appellant.
No counsel, *contra.*

CLARK, J.: The appellant moves to remand the cause because there is no case on appeal, and the Judge (Graves) died before settling the same. This would be true, if it was an appeal in which a case settled is essential, and the appellant has not been guilty of *laches. State* v. *Parks,* 107 N. C., 821. But the present case is an appeal from a refusal of leave to amend the answer. No case on appeal was necessary, as there were no facts *dehors* the record to be set out. Furthermore, no appeal lay at this stage, as it was an interlocutory order, nor indeed at all, as the granting or refusal of the amendment was a matter of discretion. *Henry* v. *Cannon,* 86 N. C., 24, and numerous other cases cited in Clark's Code (2d Ed.), pages 564, 565.          Appeal Dismissed.