HEATH *v.* LANCASTER.

---

J. F. HEATH v. W. F. LANCASTER.

*Practice—Appeal—Case on Appeal—Laches.*

Where appellant, after a failure to agree on the case on appeal, does not "immediately" request the trial Judge to settle the same, but delays for several weeks, and in the meantime the Judge dies, and no excuse is shown for the appellant's laches, the judgment below will be affirmed.

Motion of plaintiff for writ of *certiorari*.    Affidavits were filed in support of and in opposition to the motion.    There was also a motion of defendant to affirm the judgment below.

TAYLOR *v.* SIMMONS.

*Mr.· W. W. Clark,* for defendant.
No counsel, *contra.*

CLARK, J.: The record proper was filed in this Court at the first Term after the trial below and a *certiorari* asked for, as the case had not been settled by the Judge. This was the proper course, and if the appellant was not in laches, the *certiorari* would issue. *Owens* v. *Phelps,* 91 N. C., 253; *Pittman* v. *Kimberly,* 92 N. C., 562. In such case, as the trial Judge ( His Honor *Judge Graves* ) has since died, a new trial would be ordered. *State* v. *Parks,* 107 N. C., 821; *Brendle* v. *Reeves,* 115 N. C., 552. But in the present case, the appellant does not negative laches. It appears that after the disagreement about settling the case, the appellant did not *immediately* request the Judge to settle the case as required by section 550 of *The Code,* but delayed for several weeks to do so. This forfeits his claim to a *certiorari* for the reasons given in *Simmons* v. *Andrews,* 106 N. C., 201. An inspection of the record shows no errors of which the appellant can complain, and the judgment must be affirmed.

Affirmed.