DENNIS BURRELL v. J. R. HUGHES et al.

*Practice—Appeal—Failure to File Transcript.*

1. It is the duty of an appellant to have his appeal docketed at the first term of this court following the trial below, and if, without laches on his part, the case on appeal should not then be settled by the Judge, he should file the rest of the transcript and apply for a *certiorari*. Otherwise, the appeal will be dismissed.

2. If by reason of the loss of papers, or for other good cause, the transcript of no part of the record can be docketed at the first term of this court following the trial below, that fact should appear by affidavit and a *certiorari* asked for, supplemented by a motion below to supply the papers.

CIVIL ACTION, tried before *McIver, J.*, and a jury, at Fall Term, 1896, of ORANGE Superior Court. There was judgment for the defendant and plaintiff appealed. The appellant applied in this court for a *certiorari*.

*Mr. C. D. Turner*, for plaintiff (appellant).
*Messrs. Graham & Graham*, for defendant.

*Per Curiam:* The judgment was taken in Orange Superior Court at August Term, 1896, and the appeal should have been docketed in this court at last term, Rule 5 of this court, and if without laches of the appellant, the "case on appeal" was not then settled by the Judge, the appellant should have docketed the rest of the transcript and applied for a *certiorari*. *Guano Co.* v. *Hicks*, at this term; *Shober* v. *Wheeler*, 119 N. C., 471; *Causey* v. *Snow*, 116 N. C., 497; *State* v. *Freeman*, 114 N. C., 872; *Pipkin* v. *Green*, 112 N. C., 355; *Porter* v. *R. Co.*, 106 N. C., 478; *Stephens* v. *Koonce*, 106 N. C., 255; *Norman* v. *Snow*, 94 N. C., 431; *Owens* v. *Phelps*, 91 N. C., 253; *Pittman* v. *Kimberly*, 92 N. C., 562, citing *Wiley* v. *Lineberry*, 88 N. C., 68, and *Suiter* v. *Brittle*, 90 N. C., 19. If by reason of the loss of the original papers, or other good cause, the transcript of no part of the record could be docketed here at the first term beginning after the trial below, then that fact should have been shown by affidavit, and a *certiorari* asked for, supplemented by a motion below to supply the papers *Peebles* v. *Braswell*, 107 N. C., 68; *Nichols* v. *Dunning*, 91 N. C., 4. In any event, since the ap-

peal should have been docketed here at the first term beginning after the trial below, it was the duty of the appellant at such first term to file all of the transcript that was available, and have asked for a *certiorari* to complete the transcript. His failure to do so is a lack of diligence and forfeits his appeal. *Brown* v. *House*, 119 N. C., 622; *Haynes* v. *Coward*, 116 N. C., 840; *Graham* v. *Edwards*, 114 N. C., 228; *Sanders* v. *Thompson*, 114 N. C., 282; *State* v. *James*, 108 N. C., 792; *Collins* v. *Faribault*, 92 N. C., 310, and there are still other cases. There are *some* matters at least which should be deemed settled and this is one of them.

*Certiorari* denied and appeal dismissed.