C. A PARKER v. THE SOUTHERN RAILWAY COMPANY.

*Practice — Appeal — Laches — Notice to Reinstate Dismissed Appeal.*

1. Where an appeal has been dismissed under Rule 5, for failure to docket the transcript on appeal in proper time, it will not be reinstated upon the ground that appellant's counsel was prevented from appearing to settle the case before the trial Judge, on the days designated for the purpose, by other urgent business of his client, the appellant, requiring his presence elsewhere

2. Failure of counsel to answer a motion to dismiss an appeal regularly made is not excused because he did not think the motion would be considered at once.

3. The proper course for an appellant, the settlement of whose case on appeal has been delayed without his default, is to docket the record proper during the first two days of the call of causes, from the District and ask for a writ of *certiorari* for the case on appeal.

ACTION for damages, tried before *McIver J.*, and a jury, at August (Special) Term, 1897, of GUILFORD Superior Court. There was a verdict for the plaintiff and defendant appealed from the judgment thereon. In this Court the plaintiff moved to dismiss the appeal under Rule 17, which was allowed and thereupon the defendant moved to reinstate the case on the grounds set out in the opinion.

*Mr. J. T. Morehead*, for defendant.
*Mr. F. H. Busbee*, for plaintiff (appellant).

CLARK, J.: Judgment was rendered below in this case prior to the beginning of this Term, and the transcript on appeal not being docketed here during the first two days of the call of the District to which it belongs, as required by Rule 5 (119 N. C., 930), the appellee filed the certificate and had the appeal dismissed as allowed by Rule 17. The appellant now moves, on notice, to reinstate.

With a view to negative *laches* and to show that it could not have docketed the appeal in time, the appellant filed the correspondence in reference to settling the case, from which it appears: That the cause was tried at Guilford Superior Court, August 11, 1897, the appeal bond was filed August 20, and the case on appeal and counter-case were served within the time agreed and before the end of that month; that defendant's counsel asked the Judge to "settle" the case on appeal at Richmond Court in September, to which the Judge assented, telling counsel to name his day, but defendant's counsel did not attend because his client called him off elsewhere; defendant's counsel then asked the

Judge to settle the case at Wilmington, which his Honor agreed to do, appointing October 22 as the day. His Honor remained over in Wilmington two days for the purpose, but defendant's counsel did not attend, being elsewhere engaged by his client. Defendant's counsel, who lived in Raleigh, invited the Judge to come by Raleigh and stop over to settle the case, but his Honor's duties called him to other Courts and he could not find it convenient to come to Raleigh for that purpose. Finally, on Wednesday, October 27th, (the last day on which the appeal could be docketed as a right), the defendant's counsel sent the papers to the Judge, as he could have done weeks before, who promptly settled the case and sent it to the Clerk of Guilford Superior Court on November 1. The transcript reached here on November 5.

Upon the defendant's own showing there was inexcusable negligence, and as the appellee insists on his rights the motion to reinstate must be denied. At the most, the facts would show that the counsel personally was in no default, as his failure to attend to the matter was in each instance caused by his client's calling him off to attend to other matters which it must have deemed more important, but this is no excuse for the defendant whose duty it is, like any other litigant, to attend to its legal business in apt time and to have enough counsel to do this. It would appear from the affidavit, however, that counsel was not entirely without *laches*, as it states that he "did not answer the motion to dismiss because he did not think it would be considered at once." *Paine* v. *Cureton*, 114 N. C., 606. The motion was lodged Wednesday, October 27, and the appellee was entitled to have had it granted Thursday morning, October 28, (*Smith* v. *Montague*, at this Term), but in fact it was not allowed until Saturday, the last day of the call of that District.

Besides, if the appellant had been in no default as to set-

tling the case, it was its duty, during the first two days of the call of causes from the District, to have docketed the record proper and have asked for a writ of *certiorari* for the case on appeal. *Burrell* v. *Hughes*, 120 N. C., 278, in which it is said, "There are *some* matters which should be deemed settled, and this is one of them." That case cites *Pittman* v. *Kimberly*, 92 N. C., 562; *Owens* v. *Phelps*, 91 N. C., 253; *Porter* v. *Railroad*, 106 N. C., 478; *Stephens* v. *Koonce*, Ibid, 255; *Pipkin* v. *Green*, 112 N. C., 355; *State* v. *Freeman*, 114 N. C., 872; *Paine* v. *Cureton*, Ibid, 606; *Graham* v. *Edwards*, Ibid, 228; *Haynes* v. *Coward*, 116 N. C., 841; *Causey* v. *Snow*, Ibid, 497; *Shober* v. *Wheeler*, 119 N. C., 471; *Brown* v. *House*, Ibid, 622; *Guano Co.* v. *Hicks*, 120 N. C., 29, and several other cases, showing that the practice is too well settled to be debatable.

Motion denied.