BOARD OF WATER AND LIGHT COMMISSIONERS v.
M. M. CHAPMAN et al.

(Filed 24 November, 1909.)

1. Appeal and Error—Procedure—Recordari—Appellant's Laches.

It is no sufficient excuse for the failure of the appellant to have his appeal docketed and ready for argument upon the calling of his district under Supreme Court Rules 5, 17, 30 and 24, that the judge had the original papers and had not settled the case on appeal, when it appears that he was in default in not requesting

the judge to fix a time and place therefor until forty days after appellee had returned his case with objections.

**2. Same—Case on Appeal—Appeal Dismissed.**

The Revisal, 591, makes appellee's case the case on appeal after fifteen days' delay by appellant to transmit papers to the judge. Appellant's motion for a *recordari* under such circumstances will be denied and appellee's motion to dismiss granted.

APPEAL by defendant from *Councill, J.,* May Term, 1909, of CABARRUS.

The facts are stated in the opinion of the Court.

*Shepherd & Shepherd* for plaintiff.
*L. T. Hartsell* and *Welch Galloway* for defendants.

CLARK, C. J. This case was tried below at May Term, 1909, of Cabarrus. The appeal should have been docketed and printed, ready for argument when that district was called at this term. Rules 5, 17, 30 and 34. That not having been done, the appellee moved to dismiss. The appellant asked for a *certiorari,* because the judge had not settled the case and the transcript of the record proper could not be sent up because his Honor had the original papers. This would justify granting a *certiorari* and the denial of the motion to dismiss, but only if the appellant itself was in no default. *Brown v. House,* 119 N. C., 622.

It appears from the record that the parties, by consent, extended the time for service of case on appeal and countercase, but that the appellant's case on appeal had been returned by appellee, with his objections, to appellant, on 21 August, 1909. The statute (Revisal, sec. 591) then prescribes that "the appellant shall *immediately* request the judge to fix time and place for settling the case," and provides that if the appellant delays longer than fifteen days to make this request and to mail the case and exceptions thereto to the judge, the appellee's countercase (or appellant's case amended by appellee's exceptions) "shall constitute the case on appeal."

The appellant did not make such request of the judge till 1 October, a delay of forty days. This was gross laches and deprives the appellant of any right to a *certiorari* and necessitates granting the motion to dismiss. This has been often decided. *State v. Jones,* at this term (where the delay was thirty-three days); *Stroud v. Telegraph Co.,* 133 N. C., 253; *Simmons v. Andrews,* 106 N. C., 201.

Appellants are too often prone to forget that appellees have rights. The intent of this section to safeguard them is evinced by the further provision that the judge, on receipt of appellant's request, shall *forthwith* notify the attorneys of both parties of

the time and place to appear before him for settling the case, "which time shall be not more than twenty days from the receipt of the request," and that the judge must settle the case within sixty days of the termination of a special term, or after the courts of the district shall have ended, under a penalty of $500 on the judge, to be recovered by any person who shall sue for the same, for any failure to comply with the above or any requirement of this section. The section further provides that the appellant, on receipt of "case settled" from the judge, shall, "within five days," file the same with the clerk. The next section (Revisal, sec. 591) requires the clerk, "within twenty days" thereafter, to transmit a duly certified copy to the Clerk of the Supreme Court.

Attention must be called to the amendment now incorporated into section 591, which, being comparatively new, may have escaped the notice of some members of the profession: "If the appellant shall delay longer than fifteen days after the appellee serves his countercase, or exceptions, to request the judge to settle the case on appeal and mail the case and countercase, or exceptions, to the judge, then the exceptions filed by the appellee shall be allowed, or the countercase served by him *shall constitute the case on appeal.* However, the time may be extended by agreement." Here there was no such agreement, and not only this Court could not send down a *certiorari* for the case, but if the judge had "settled" the case after the fifteen days' delay, without consent of appellee, he was *functus officio* and without authority, except where there was unquestionably valid legal ground to excuse the delay. The case here was "constituted" at the expiration of the fifteen days' delay of appellant to send the papers and request to the judge, exactly as the appellant's case becomes automatically the case on appeal if no exceptions or countercase is served within ten days. The appellant should therefore have sent up in apt time the case as "constituted" at the end of his fifteen days' delay.

The lawmaking power seemed to think that the statute, as formerly written, was not strict enough or not sufficiently complied with, and have thus amended it. It is our duty to observe it.

The motion of appellant for a *certiorari* is denied and the motion of appellee to dismiss the appeal is allowed.

Appeal dismissed.