W. E. McNEIL v. VIRGINIA-CAROLINA RAILROAD COMPANY.

(Filed 23 May, 1917.)

**1. Appeal and Error—Rules of Court—Statutes—Laches—Motions.**

Where appellee fails to immediately send case, counter-case, or exceptions to the trial judge (Rev., sec. 59), and afterwards the counsel agree that the judge settle the case, with disagreement as to this settlement, which was finally settled by the judge, without appellant's consent, and docketed too late under the Supreme Court rules, appellee's motion to dismiss under Rules 5 and 17 will be allowed.

**2. Same—Certiorari.**

Where the appellant can show good and sufficient cause why his case on appeal had not been docketed in the Supreme Court in the time required by the rules, or that he was not therein at fault, he should file a transcript of the record proper and move for a *certiorari* for the statement of the case, which may be done at any time during the term before appellee moves to dismiss it.

**3. Appeal and Error—Laches—Agreements—Docketing—Rules of Court.**

    The Supreme Court will not consider appellant's alleged verbal agreement between the parties as to delay in docketing his case after the time required by the rules, when such is denied.

**4. Same—Subsequent Terms.**

    In the absence of written agreement between the parties, or an affidavit of such agreement, not denied, an appellant may not docket his appeal at a subsequent term to that at which the rule requires it to be docketed.

APPEAL by defendant from *Long, J.,* at July Term, 1916, of ASHE.

*C. B. Spicer and G. L. Park for plaintiff.*
*T. C. Bowie for defendant.*

PER CURIAM. The judgment in this case was entered at July Term, 1916, of Ashe. The appeal should have been docketed a week before the call of the district, 28 November, 1916, at Fall Term, of this Court. It appears that the case on appeal was served on 25 September, 1916, and the counter-case on 28 September, 1916. The statute, Revisal 591, required that these papers should be *immediately* sent by appellant to the judge for settlement of case on appeal. *Stroud v. Tel. Co.,* 133 N. C., 253; *Comrs. v. Chapman,* 151 N. C., 327. The appellant did not do this. In December it appears that counsel on both sides agreed upon a settlement of the case on appeal, but even this was not sent up. It seems that there was afterwards some disagreement between counsel as to this settlement and the case was then settled by the judge on 23 March, 1917, without appellee's assent.

On 28 March, 1917, the appellee filed motion to dismiss under Rules 5 and 17. The appellee was entitled to have this allowed. The appellant now moves to reinstate. This latter motion must be denied. The case having been tried in July, 1916, should have been docketed here before the district to which it belonged was called, 28 November, 1916. This was not done, and no excuse was then shown for the delay. It was the duty of the appellant at that time, if there was any good reason (and no fault on its part) why the appeal was not settled and docketed, to file a transcript of the record proper and have moved for a *certiorari* for the statement of the case on appeal. This was not done. The appellee might have moved then, or at any time during that term before such action by the appellant, to dismiss, but he forebore to do so.

When the appellee moved in this Court on 28 March, 1917, to dismiss the case because it had not been docketed at last term, he was entitled to have same allowed. The appellant offers no excuse except an allegation of some verbal agreement between counsel which is denied by the appellee's counsel, and which, therefore, the Court cannot consider. *Sondley*

*v. Asheville,* 112 N. C., 694. The Court will not pass upon the veracity or accuracy of recollection of counsel as to oral agreements when denied. Such agreements cannot be considered unless put in writing. Indeed, it appears that though the case settled by the judge was filed in the clerk's office of Wilkes on 24 March, 1917, even then it was not sent up to this Court by 6 April. Under the well settled practice of this Court the appeal could have been dismissed on the call of the district to which it belongs, 28 November, 1916, or at any time thereafter during that term unless the appellant had filed at the time the motion was made the transcript of the record proper and moved, on proper cause shown, for a *certiorari* for the statement of the case on appeal. The appellant was not entitled to docket the case at this term at all unless upon a written agreement between counsel or an affidavit of such agreement not denied by the appellee.

The requirements above stated have been repeatedly and uniformly adhered to, as stated in *Pittman v. Kimberly,* 92 N. C., 562, down to *S. v. Trull,* 169 N. C., 370, and many cases cited, *Burrell v. Hughes,* 120 N. C., 277, and in a great many cases in which no opinion was written. Such negligence as was shown by the appellant in this case cannot deprive the appellee of his legal rights.

The motion to docket and dismiss the appeal was properly allowed, and the motion to reinstate is denied.

Motion to reinstate denied.