Daniel, Judge,
 

 after stating the substance of the affidavit, proceeded: Theactof 1777
 
 (Rev. c.
 
 115s. 75,) requires the appellant to enter into bond, with two sufficient sureties before obtaining his appeal. The court is not only to judge of the sufficiency of the sureties, but to take the bond. The defendant does not come within any of the cases decided in this state.
 
 (Chambers
 
 v.
 
 Smith,
 
 1
 
 Hay,
 
 366,
 
 Collins
 
 v.
 
 Nall, ante
 
 3
 
 vol.p.
 
 224.) There does not appear to be any misconduct either in the court, or the clerk, no management, fraud, or contrivance by the ad
 
 *378
 
 verse party, nor any inability in the applicant to give-daring the term. The only reasons offered, are, that the defendant was ignorant of the law, and that the, plerk was very busy, and he did not wish to disturb him. It is a rule, that ignorance of the law excuses no man. If we were to sustain the certiorari, it would be opening the door for great negligence and fraud in parties applying for appeals, and perhaps perjuries in making affidavits. We think the order awarding the
 
 certiorari
 
 should be reversed.
 

 Per Curiam. — Judgment’ reversed.