Battle-, J.
 

 The writ of
 
 oertiorari
 
 is an extraordinary rem edy, and is said to be grantable at the discretion of the Court. The meaning of this is, that it is not a matter of right, like a writ of error or an appeal. It is very often used as a substitute for an appeal, and in so using it, the courts have exercised their discretion, in such a manner as, on the one hand, to prevent a party from being deprived of a just defense, and on the other, to prevent its being made a mere instrument of delay. Where a party has lost his appeal by the neglect of an officer of the law, the contrivance of the opposite' party, or the improper conduct of the inferior court, the cause will be re-examined by the Superior Court upon a writ of
 
 certiorari,
 
 without reference to the merits of the case. This is put upon the ground that he has been deprived of a right, to wit, of an appeal, without his fault;
 
 Chambers
 
 v.
 
 Smith,
 
 1 Hayw. Rep. 366;
 
 Collins
 
 v.
 
 Nall,
 
 3 Dev. Rep. 224. Where a party has failed to make a defense in the inferior court, so that a judgment has been taken against him by default, there, he cannot have the judgment set aside, and be allowed to plead in\the Superior Court by means of a
 
 certiorari,
 
 unless lie can show two things; first, an excuse for his
 
 laches
 
 in not pleading; and, secondly, a good defense existing at the time when he ought to have pleaded;
 
 Kelsey and Brigham
 
 v.
 
 Jarvis,
 
 8 Ire. Rep. 451;
 
 Lunceford
 
 v.
 
 McPherson,
 
 3 Jones’ Rep. 174. The present falls manifestly within the former class of cases. The plaintiffs, in the
 
 certiorari,
 
 after a judgment against them in the County Court, prayed an appeal, and without any fault on their part, were deprived of the benefit of it by tile neglect of the clerk.
 

 The circumstances of this case are almost identical with those of
 
 Chambers
 
 v.
 
 Smith,
 
 above referred to. There, the party, after praying an appeal, offered sufficient sureties, but the clerk, not being provided with an appeal bond, told him it would do as well at the next court, and at the next court
 
 *471
 
 lie applied, and was informed by the clerk, that it ivas too late. In the case now before ns, after the appeal had been prayed and granted, one of the sureties, John Hiatt, was prevented from executing the appeal bond by reason of the clerk’s not having it prepared when he called to sign it, and of his (the surety’s) not being able to wait, on account of the state of the weather and the condition of his health. The bond was executed by the appellants and the other surety, during the term at which the appeal was taken, and by the surety, Hiatt, after the expiration of the term. The right of appeal was clearly lost without any fault of the appellants, and we think that they are entitled, under the writ of
 
 certio-rari,
 
 to have their case re-examined in the Superior Court, without any reference to its merits.
 

 The order dismissing the certiorari, must be reversed, and this must be certified to the Superior Court of law, for the county of Guilford, to the end that the parties may proceed in the cause.
 

 Per Curiam, Judgment reversed.