W. T. BOING v. RALEIGH & GASTON RAILROAD COMPANY.

*Recordari, application for writ of—Laches—Attorney and Client.*

1. Motion for writ of *recordari*, as a substitute for an appeal, must be made at the next ensuing term of the appellate court.

2. Neglect of attorney and that of the party—distinction between noted.

(*Webb* v. *Durham,* 7 Ired., 130; *Hahn* v. *Guilford,* 87 N. C., 172; *Bradford* v. *Coit,* 77 N. C., 72; *Brown* v. *Williams,* 84 N. C., 116, cited and approved).

MOTION to dismiss a *recordari* heard at July Special Term, 1882, of VANCE Superior Court, before *Graves, J.*

On the 12th day of December, 1881, the defendant moved for, and obtained from the superior court of Vance county, a writ of *recordari* to bring up a certain proceeding theretofore had before a justice of the peace and two freeholders of the county, under the act providing a remedy for the owner of stock killed by a railroad.

In support of the motion, the defendant filed an affidavit of one of its agents, in which it was set forth that the trial before the justice and freeholders occurred on the 11th day of September, 1880, when judgment was rendered for plaintiff in the sum of $40.00, and for costs; that then and there, in open court, an appeal was prayed for the defendant and allowed by the justice, and under an arrangement between counsel, a short time was given to the defendant to give an appeal bond; that the bond was given and all the costs were paid, including the fees to the justice for the appeal, who promised to send up the case to the next term of the superior court, to-wit, the fall term, 1880; that defendant supposed the same had been done, and knew nothing to the contrary until a very short time before making this motion, when it was ascertained that the papers had never been sent up, or the cause docketed in the court; that acting under the belief that the case was in court, the defendant had retained counsel to

attend to it, and supposed that he had done so, and would certainly see that the appeal was properly sent up and docketed; and that the defendant has a valid defence to the action.

W. H. Young, of counsel for defendant, also filed his affidavit, stating that at spring term, 1881, acting under the belief that the papers in the case had been sent up by the justice, and that the cause was then in court, he caused witnesses to be summoned and in attendance at that time, but the case was not called.

The plaintiff filed his affidavit in answer to the motion, without however materially varying the facts, and he insisted that as the defendant company had allowed three full terms of the superior court to pass without moving in the matter, it had lost the right to be relieved by its own laches.

At July special term, 1882, the plaintiff moved to dismiss the *recordari*, when the defendant asked the court to find the facts to be as set out in the affidavits of its agent and attorney, which the court declined to do, but gave judgment dismissing the proceeding and setting aside the *supersedeas* that had been granted, and from this judgment the defendant appeals.

*Mr. G. B. Harris*, for plaintiff.
*Messrs. Hinsdale & Devereux*, for defendant.

RUFFIN, J. If, as we suppose, His Honor's ruling rested upon the idea that, conceding the facts to be as alleged by the defendant, they furnished no excuse for its laches or grounds for the relief asked, we feel constrained to give it our concurrence.

In *Webb* v. *Durham*, 7 Ired., 130, it was held that whenever a writ of *recordari* was asked for, as a substitute for an appeal, the application should be speedily made; and that any delay, after the earliest moment in the party's power to apply, must be satisfactorily accounted for.

It was also held in *Hahn* v. *Guilford*, 87 N. C., 172, that an appeal meant an appeal to the *next term* of the appellate court, and that it was the duty of the party to see that the justice

transmitted the case; and if not done, to move promptly, and at the very first term, for a writ of *recordari.*

So far from accounting for the delay of this defendant, the facts show it to have been positively negligent and remiss, in that, three terms were allowed to pass without its taking the pains to know that its appeal had been docketed.    That an attorney had been employed to conduct the defence, furnishes no sort of an excuse for such remisness as this.    The neglect of counsel will sometimes be accepted as an excuse, if it relates to a matter purely professional, and which the party cannot perform for himself; but never, when he is capable of acting for himself and by himself.    This distinction is clearly drawn in *Bradford* v. *Coit,* 77 N. C., 72, and it would be singular, indeed, if it were not so, or that a party should be excused for not doing that which he ought to have done and might have done, simply because he had trusted to another to do it for him.

There are other grounds upon which the judgment below might have been made to stand, but the laches of the defendant is sufficient, and we prefer to put our approval upon that alone, so that it may be understood what degree of diligence is expected in all such cases—it being just the same which this court exacts of parties who apply here for writs of *certiorari.*    *Brown* v. *Williams,* 84 N. C., 116; *Hahn* v. *Guilford, supra.*

No error.                                   Affirmed.