The defendant, through his attorney, Charles F. Warren, who had entered a special appearance only, moved to dismiss the plaintiff's appeal, on the ground that the same should have been docketed at May Term, 1892, of the Superior Court, which was the next term after the action was tried before the justice of the peace, whereas it was not docketed until November Term, 1892, of said court. Upon hearing of the motion, the clerk of the court testified as follows:
"The term of the Superior Court next after the trial of this action before the justice of the peace, on the twelfth Monday after the first Monday in March, being 30 May, 1892, no return to the notice of appeal from the justice was delivered to me until after the expiration of the time. Consequently the case was not docketed at said time. After the expiration of the time, and before the beginning of the next Fall Term, which began twelfth Monday after first Monday in September, 1892, the plaintiff caused his appeal to be docketed, and it appeared on the docket for said Fall Term, 1892."
In reply, plaintiff's counsel stated that the facts were, as could be made to appear by affidavit of the justice of the peace who tried the case, that both plaintiff and defendant appealed; both appeals *Page 30 
(40) were taken in apt time; that he made up the returns to both notices of appeal prior to the May Term, 1892, of the Superior Court; that, according to his recollection, the papers were misplaced in his office and could not be found by him until after the May Term, 1892; that the plaintiff had no knowledge of the papers being misplaced. Upon this the plaintiff insisted the court had a discretion to refuse the motion to dismiss. The court held that he had no such discretion, and that he would dismiss the appeal as a matter of law, and the plaintiff excepted. Plaintiff, after the motion to dismiss was made, and before the same had been decided by the court, asked to be allowed to take nonsuit. The court refused this motion, and the plaintiff excepted. The court thereupon gave judgment dismissing the appeal, and the plaintiff excepted and appealed.
The judgment by the justice having been rendered more than ten days before the next ensuing term of the Superior Court, the appeal should have been docketed at that term. The Code, secs. 876, 877, 880 and 565; Ballardv. Gay, 108 N.C. 544.
The attempted docketing at a subsequent term was a nullity, and the Judge properly held that the case was not in the Superior Court, and that the plaintiff appellant could not take a nonsuit. To permit such course would have been to allow the appellant to avoid the effect of his delay in bringing up the appeal in proper time, and to institute a new action. The policy of the law, as said by AVERY, J., in Ballard v. Gay,108 N.C. 514, is to "require litigants to be diligent in prosecuting appeals from justices of the peace, and to prevent parties from (41) using such as a means of causing useless delay." This is cited and approved in State v. Johnson, 109 N.C. 852.
Nor did the Judge err in holding that he had no discretion to permit the appeal to be docketed at a subsequent term to the one to which it should have been returned. The appellant had his remedy (if in no default) by an application for a recordari at the first ensuring term of the Superior Court after appeal taken. Boing v. Railroad, 88 N.C. 62. It is true that when proper notice of appeal is not given in a case tried before a justice of the peace, if the appeal is regularly docketed in due time in the Superior Court, the judge may permit notice of appeal to be then given, though the exercise of the discretion is not encouraged. State v. Johnson,109 N.C. 852; Sondley v. Asheville, 112 N.C. 694. But that is where the case is on docket, and the appellee has not been delayed. It does not recognize the right to revive an appeal lost by *Page 31 
delay, and to permit the same to be docketed at a subsequent term of the Superior Court.
The Act of 1889, ch. 443, permitting the appellee to docket the case at the first term of the Superior Court, if the appellant does not, and have the judgment below affirmed, merely extends to that court the provisions of Rule 17 in the Supreme Court. It is a privilege to the appellee, and the appellant can draw no argument against appellee from his failure to use it.Ballard v. Gay, supra; Wilson v. Seagle, 84 N.C. 110.
No error.
Cited: Pants Co. v. Smith, 125 N.C. 590; Johnson v. Andrews,132 N.C. 380; Johnson v. Reformers, 135 N.C. 386; Blair v. Coakley,136 N.C. 407; Sutphin v. Sparger, 150 N.C. 518; McKenzie v. DevelopmentCo., 151 N.C. 278; Peltz v. Bailey, 157 N.C. 167; Abell v. Power Co.,159 N.C. 349; Jones v. Fowler, 161 N.C. 355; Tedder v. Deaton,167 N.C. 480; Barnes v. Saleeby, 177 N.C. 259.
(42)