### SOUTHERN PANTS CO. v. G. A. SMITH *et al.*

(Decided December 22, 1899.)

*Appeal From Justice's Court—When Docketed—Laches of Appellant.*

An appeal from a Justice's Court must be docketed for trial at the next succeeding term of the Superior Court, where more than ten days after judgment rendered intervene.

CIVIL ACTION instituted in the Justice's Court of POLK County, and carried by appeal of defendant to the Superior Court, when it was tried by *Coble, J.,* at Spring Term, 1899.

The appeal was not docketed at the next ensuing term of the Superior Court, and the plaintiff moved to dismiss the appeal on that account. The defendant's excuse was that the trial Justice had informed him that it had been done. Motion to dismiss disallowed, and plaintiff excepted. The trial was proceded with, and a verdict was rendered for defendant. Judgment against the plaintiff, who appealed to Supreme Court.

*Messrs. Morris & Morgan,* for appellant.
No counsel *contra.*

FAIRCLOTH, C. J.   On May 16, 1898, the plaintiff obtained a judgment against defendants in a court of Justice of the Peace.   The defendant Smith gave notice of an appeal. The case on appeal was not sent up, nor docketed at the next term of the Superior Court, held on November 21, 1898, nor did the appellant take any steps at said term to have his case docketed.   In April, 1899, the defendant applied to the Judge holding the courts in the distirict for a writ of *recordari* and *supersedeas*.   The order was granted, and on May 28, 1899, the Justice of the Peace made his return of proceedings had before him.   No notice of appeal was then served on the appellee.   The case was docketed, and was tried on the issue, "Is defendant indebted to plaintiff, and if so, in what sum?"   The jury answered "No," and judgment was entered against the plaintiff for costs, and the plaintiff appealed.

When the case was called for trial, the plaintiff's counsel made several motions to dismiss the appeal.   One motion was based on the failure of the appellant to docket his appeal at the next succeeding term of the Superior Court, without showing any legal excuse for his laches.

It is to be inferred from the verdict of the jury that the defendant had a good defense, and it is unfortunate that he loses his judgment by his own laches.

We are compelled to hold that the plaintiff's motion to dismiss the appeal should have been allowed.   The law requires that an appeal from a Justice's Court must be docketed for trial at the next succeeding term of the Superior Court, when more than ten days after judgment rendered, and notice and bond given, as expressly declared by our Code of Procedure. These Code provisions are reasonable, in order to prevent delay and put an end to litigation in a reasonable time. Every phase of these Code requirements is fully presented in

the cases cited below, and repetition is unnecessary. *State v. Johnson,* 109 N. C., 852 ; *Ballard v. Gay,* 108 N. C., 544 ; *Davenport v. Grissom,* 113 N. C., 38.

There was error.    Reversed.