## JERMAN v. GULLEDGE.

(Filed November 12, 1901.)

1. JUSTICES OF THE PEACE—*Appeal—When Returnable—Agreement of Counsel—The Code, Secs. 878, 880.*

> Where an appellee moves in the superior court to dismiss an appeal from a justice of the peace, not docketed within ten days, as required by The Code, Sec. 878, it will not be allowed where it appears that the delay was due to the failure of counsel for the appellee to prepare a transcript with the justice as agreed upon by the counsel.

2. JUSTICES OF THE PEACE—*Appeal—When Returnable—Acts 1897, Ch. 256, Sec. 2.*

> Under Acts 1897, Ch. 256, Sec. 2, an appeal from a Justice of the Peace is returnable to the January Term, 1900, of the Superior Court of Anson County, if returned within ten days, as required by Sec. 878 of The Code.

ACTION by Martin Jerman, against J. W. Gulledge, heard by Judge *Frederick Moore,* at April Term, 1901, of the Superior Court of ANSON County. From a judgment for the plaintiff, the defendant appealed.

*Robinson & Caudle,* for the plaintiff.
*H. M. McLendon,* for the defendant.

COOK, J. This action was tried in a court of a Justice of the Peace on the 7th of December, 1899. Judgment was rendered in favor of the plaintiff, and defendant took an appeal to the Superior Court. The case was returned to and docketed in the Superior Court (not to the January Term, 1900, which was the next ensuing term) on the 5th of April, 1900, which was ten days prior to the April Term of said Court. It was continued by consent from term to term until the April Term, 1901, and while then being heard

before his Honor at Chambers, the attorney for plaintiff moved to dismiss the appeal upon the ground that the case was not docketed at the January Term, 1900 (the term next ensuing after the appeal was taken), which motion his Honor allowed, and dismissed the appeal, and defendant excepted and appealed to this Court.

In the record, it appears from the uncontradicted affidavit of H. H. McLendon, attorney for defendant, that when the Justice of the Peace rendered judgment against defendant, he appealed in open Court in the presence of the plaintiff, "and paid him his costs as required by law, and asked said Justice to send up the transcript at once. That it was understood and agreed that T. L. Caudle, Esq., attorney for the plaintiff, would make up the transcript with the Justice and submit same to counsel for defendant. * * * That, by reason of the agreement entered into by said affiant with said J. S. Myers, J. P., and T. L. Caudle, attorney as aforesaid, and relying upon said agreement, the appeal was not sent up to the Superior Court till after the said January Term, 1900. That said Justice of the Peace told this affiant on two or three occasions, when asked if he had sent up the appeal, that he had been in the office of said T. L. Caudle several times to make out said transcript, and that he failed to find him. The said Justice lives about eight or nine miles from Wadesboro." It further appears from said affidavit "that on Friday of said April Term, 1901, said T. L. Caudle, attorney for plaintiff, agreed with said affiant, attorney for defendant, that they would submit the question of law raised in said answer of defendant to the complaint of plaintiff * * * and said question was to be passed upon by his Honor Fred. Moore, Judge presiding, and if adverse to plaintiff, then it was agreed that said case would be submitted to John C. McLaughlin, Clerk, to arbitrate the question of the defendant's damages. That said affiant and T.

JERMAN *v.* GULLEDGE.

L. Caudle, Esq., attorney for plaintiff as aforesaid, appeared before his Honor at Chambers to hear said question of law and the facts in the case. * * *  While doing so, said attorney for plaintiff interrupted said affiant and said: 'In this connection, your Honor, I desire to make a motion to dismiss the appeal.' * * *  That no motion was made to dismiss said appeal till the time the parties went before the Judge at Chambers, as aforesaid, and no notice of motion was given at any time."

Upon the facts stated in the affidavit of defendant's attorney, which are uncontradicted, we think his Honor erred in dismissing the appeal.  Under section 878 of The Code, the Justice is required to make a return to the appellate court, and file with the Clerk thereof the papers, proceedings, etc., within ten days after the service of notice of appeal; and under section 830, "When the return is made, the Clerk of the appellate court shall docket the case on his trial docket, for a new trial of the whole matter at the ensuing term of said court."  But in this case the Justice was relieved of the duty to make return thereof within ten days, as required by the agreement of attorneys for both parties.  We know of no statute which *requires* that the appeal *shall* be docketed at the ensuing term, if the attorneys on both sides shall desire otherwise.  While it does not here appear that it was the purpose of the attorneys not to docket the case at the January Term, yet it was not done, and no *laches* can be imputed to the Justice or attorney for defendant.  By agreement, the attorney of plaintiff was to make out the return for the Justice and submit the same to the attorney of the defendant.  The Justice, upon several occasions, went to the office of plaintiff's attorney to look after the matter, but could not find him, of which he informed the attorney of defendant.  The delay was, therefore, caused by the plaintiff's attorney, which he seems to have recognized by not making

his motion at the April Term, 1900, and by consenting to the continuances thereafter; and the Court ought not to allow a party to take advantage of his own wrong.

The facts in this case differ from those in *Pants Co. v. Smith,* 125 N. C., 588, and cases there cited, in that the failure to docket in these cases was on account of *laches;* while in this case it was caused by an agreement of the parties.

It was insisted by the defendant's counsel in this Court that the return should *not* in any event have been made to the January Term, because that term was created for the trial of criminal actions (Acts 1897, Chap. 256); but a careful review of the statute leads us to a different construction. By section 2, that term is given *jurisdiction* of all civil matters, on account of which the appeal was properly returnable to that term.

There is error.

DOUGLAS, J., concurring. I concur in the judgment of the Court, as well as in its opinion, except in so far as it holds that the appeal was properly returnable to the criminal term of the Superior Court. Of this I doubt, as section 878 of The Code provides that "When the return is made, the Clerk of the appellate court shall docket the case on his *trial* docket, for a new trial of the whole matter at the ensuing term of said Court." This could be done at the criminal term only by the consent of parties.