## JOHNSON v. ANDREWS.

(Filed April 21, 1903.)

1. APPEAL—*Docketing—Justices of the Peace—Superior Court—Acts 1901, Ch. 28, Sec. 2—The Code, Secs. 878–880.*

Under Acts 1901, Ch. 28, an appeal from a justice of the peace in a civil action should be docketed at the next term of the superior court, though it be a criminal term.

2. APPEAL—*Docketing—Laches—Justices of the Peace—Clerks of Superior Court—Superior Court—The Code, Secs. 878–880.*

Where an appellant pays the fees for the return and docketing of an appeal from a justice of the peace, the appeal will not be dismissed for the failure of the clerk of the superior court to docket the same under The Code, Secs. 878–880.

ACTION by Sarah Johnson and another against W. B. Andrews, heard by Judge *W. R. Allen* at January Term, 1903, of the Superior Court of DURHAM County.

This action was heard in the Superior Court upon the following facts found by the Court:

"1.   This was an action begun by the plaintiff against the defendant before D. C. Gunter, Justice of the Peace, by issuing a summons March 24th, 1902, returnable March 29th, 1902.   On the return day thereof, to-wit, March 29th, 1902, the Justice heard said action, both plaintiff and defendant being represented by counsel, and rendered a judgment against the defendant for the full amount of his claim, to-wit, $151.00.

2.  From the judgment the defendant gave notice of appeal to the Superior Court, said notice of appeal being given in open court in the presence of the plaintiff and his counsel.

3.  On the 5th day of April, 1902, the defendant paid the Justice his fee of 50 cents for the transcript on appeal, and thereupon the Justice on April 5th, 1902, made out his return to the notice of appeal and delivered the same to C. B. Green, Clerk of the Superior Court, and the defendant at the same time paid to C. B. Green 50 cents, being his fee for docketing the appeal.

4.  The next term of the Superior Court of Durham county, after the appeal from the Justice, began on the 12th day of May, 1902, as provided in Public Laws of 1901, Chapter 28, Section 2, and another term on the 25th day of August, 1902, as provided in said act; that during the month of September, beginning September 29th, there was a term of the Superior Court for the County of Durham for the trial of civil cases only.

5.  At the May Criminal Term the defendant through his counsel, J. S. Manning, asked the Clerk of the Superior Court if his appeal was docketed, and the Clerk informed him that he had docketed said appeal.

6.  After the calendar was arranged for September Term, to-wit, about the 15th of September, 1902, but the same day, appellant's counsel examined the civil issue docket and found that said appeal did not appear on said docket and thereupon he requested the Clerk to enter and the Clerk did enter the case on said civil issue docket for September Term and the case was put on the printed calendar for trial by the Clerk for said term, and the appeal had not before that time been entered upon the docket.

7.  The Clerk did not make out any civil issue docket for May Term or August Term of the Superior Court, but did make out an appearance docket for each of said terms, enter-

ing thereon such actions as had been brought to said respective terms, and said Clerk stated in open Court that such had been his custom prior to said September Term, 1902.

8.. At the said September Term, 1902, plaintiff entered a special appearance and moved to dismiss the defendant's appeal for the reason that said appeal had not been docketed according to law, and defendant moved for permission to docket same, if the Court should be of the opinion that the Clerk had failed to docket the same; this motion was continued without prejudice and heard at January Term, 1903.

9. Upon the foregoing facts, the Court was of the opinion that said appeal was not docketed according to law and that he had no discretion in the matter and allowed the motion of plaintiff and dismissed the appeal. The motion to dismiss was allowed and motion to docket refused as matters of law and not in the exercise of discretion. From a judgment dismissing the appeal, the defendant appealed."

*Boone, Bryant & Biggs,* for the plaintiff.
*Manning & Foushee,* for the defendant.

WALKER, J., (after stating case): The May and August Terms of the Superior Court of Durham County were held under the provisions of Chapter 28 of the Public Laws of 1901. Section 2 of said Act reads as follows: "Civil process shall be returnable to, and pleadings filed at, all of the courts herein designated as exclusively criminal; motions in trials in civil actions, which do not require a jury, may be heard at such criminal terms, by consent."

It is provided by The Code, Sections 878-880, that "The Justice shall within ten days after the service of the notice of appeal on him make a return to the appellate court. When the return is made the Clerk of the appellate court shall docket the case on his trial docket for a new trial of the whole matter at the ensuing term of the said court."

The plaintiff contends that the defendant's appeal should have been docketed on the trial docket for hearing at the May Term, as civil matters could have been heard and determined at that term under the provisions of Section 2 of the Act. In support of this contention his counsel relied upon the case of *Pants Co. v. Smith*, 125 N. C., 588, and we think the case fully sustains the contention. We have examined carefully the act which was under consideration in that case and we are unable to see any substantial difference between the two acts. They must, therefore, receive the same construction, so far as they relate to the particular question under discussion.

While we are of opinion that the defendant's appeal should have been docketed at the May Term, we think there was error in dismissing the appeal upon the facts found by the court.

It appears that the counsel for the defendant did everything that the law requires of him or his client. He caused the return to the notice of appeal to be made by the Justice and paid the fee therefor within the time fixed by law. The return was immediately filed with the Clerk, his fee for docketing the appeal was promptly paid and he was requested to docket the appeal. What more could counsel have done, or was he required to do in order to protect the interests of his client and save his right to have the case heard *de novo* in the Superior Court? When he caused the return to be filed with the Clerk and paid the fee for docketing, it became the duty of the Clerk under the law to docket the appeal and surely the law will not permit the defendant to be prejudiced or deprived of his right to have a trial in the Superior Court by any fault or neglect of the Clerk when his counsel, acting in his behalf, has been vigilant at every stage of the case and up to the very point where his duty ended and that of the Clerk began.

The two cases cited by the plaintiff's counsel are not applicable. In both instances there was neglect on the part of the appellant or his counsel to file the return to the appeal and pay the fee for docketing. In one of the cases the Court says: "The case on appeal was not sent up or docketed at the next term of the Superior Court nor did appellant take any steps at said term to have his case docketed." *Pants Co. v. Smith,* 125 N. C., 588. In the other case it appears from the record that "no return to the notice of appeal from the Justice was delivered to the Clerk until after the expiration of the term. Consequently the case was not docketed at said term." Counsel for appellant also admitted, in that case, that no return had been filed at the term "ensuing" the trial before the Justice. *Davenport v. Grissom,* 113 N. C., 38. It is manifest that these cases are not authorities in favor of plaintiff's present contention. The case must be decided upon the principle announced by this Court in *Winborn v. Byrd,* 92 N. C., 7. In that case there was an application for a writ of *certiorari,* as a substitute for an appeal, which had not been perfected according to law. It was there said by the Court that where the appeal is not perfected "by reason of some error or improper act of the court, or some neglect or omission of the Clerk of the Court," the Court will grant the writ of *certiorari* to bring up the case for review. If this will be done where there is no *laches* of the appellant but merely neglect of the Clerk, why should a court dismiss an appeal when the return has been filed and the case docketed? Why dismiss, if the party, under the principle laid down in the case just cited, could have the case docketed and heard by resort to a writ of *recordari? McConnell v. Caldwell,* 51 N. C., 469; *Elliott v. Holliday,* 14 N. C., 377.

In the case of *Fain v. Railroad,* 130 N. C., 29, which was also cited by the plaintiff, it appeared that the Clerk had applied to the local counsel of defendant to know if he desired

the transcript to be sent to this court, and could get no satisfactory answer and the appellant took no steps to have the transcript sent up and did not pay or tender the fees to the Clerk for his services in preparing and forwarding the transcript. The court held that the appellant was the actor in taking and prosecuting the appeal and that he had failed to do anything that was required of him; our case is quite different. Here the appellant has performed his whole duty. If in *Fain v. Railroad,* the transcript had been sent to this Court and the Clerk here had failed to docket the appeal, the same question we have in this case would have been presented.

In this case the counsel for the appellant not only did all that was required of him, but at the May Term it seems that he asked the Clerk if the appeal had been docketed and was informed by him that it had been. It further appears that the Clerk did not make up any civil issue dockets for the May and September Terms of the court, but made up only appearance dockets for those terms and a civil issue docket for the September Term and this has been his custom prior to said time.

Under the facts and circumstances of the case, we do not think that the appeal should have been dismissed, and the court committed an error, therefore, in granting the plaintiff's motion.

*Per Curiam.* Error.