BLAIR v. COAKLEY.

(Filed November 15, 1904).

1. APPEAL—*Case on Appeal—Findings of Court.*

Where the case on appeal prepared by counsel conflicts with a statement of a fact found by the judge, the latter must control.

2. APPEAL—*County Commissioners—Highways—Acts 1901, ch. 28—The Code, sec. 2039.*

Under Acts 1901, ch. 21, sec. 1, an appeal from the action of the county commissioners in altering a public road should be taken to the next term of the superior court, though it was a criminal term.

3. HIGHWAYS — *Appeals — County Commissioners — Justices of the Peace—Highways—The Code, secs. 875, 883, 565.*

An appeal from the board of county commissioners in establishing a public road should be taken in accordance with those sections of The Code applicable to appeals from a justice of the peace.

ACTION by S. O. Blair and others against S. F. Coakley, heard by *Judge R. B. Peebles,* at August Term, 1904, of the Superior Court of UNION County.

This was a proceeding to alter a public road over the land of the defendant, brought before the Board of Commissioners of Union County and heard in July, 1904, on or prior to the 8th day of that month. The defendant, through his counsel, entered a special appearance and moved to dismiss the proceeding upon the following grounds: 1. For that the petition does not state over whose land the proposed road would run. 2. For that it does not appear that the persons over whose land the proposed road would run have been duly notified. 3. For that it appears that the persons over whose land the proposed road runs have not been notified. 4. For that it does not state that the proposed road is a public necessity.

The board overruled the motion and proceeded to hear and determine the case upon the evidence. They decided that the alteration of the road was a public necessity and granted the prayer of the petition. The defendant excepted and appealed under section 2039 of The Code. He gave due notice of his appeal and on July 8 filed a bond to secure the costs of the appeal as required by the board, and asked that proper transcript of the proceedings be sent to the Superior Court. He took no further action in the matter, and it does not appear that he either paid or tendered payment of the costs of the transcript. The next term of the Superior Court after the appeal was taken commenced on the first day of August, 1904, and was for the trial of criminal cases only (Acts 1901, chap. 28, sec. 1, p. 169), although the second section of that act (p. 175) provides as follows: "Civil process shall be returned to, and pleadings filed at, all the courts herein designated as exclusively criminal; motions in civil actions may be heard upon due notice at such criminal terms; and trials in civil actions, which do not require a jury, may be heard at such criminal terms by consent." The next term of the Court was held on the 22d day of August. It is provided by the act just mentioned that "the first week (of that term) shall be for the trial of criminal cases and the second week for the trial of civil cases alone."

The week for the trial of civil cases commenced then on the 29th day of August. On the 31st day of August the plaintiffs caused the papers to be filed and the case to be docketed in the Superior Court, and moved to dismiss the appeal, the defendant having taken no action before the board or in the Superior Court by motion for a *recordari* or for a rule on the board to send up the case. The Judge allowed the motion of the plaintiffs and dismissed the appeal. Defendant excepted and appealed.

*Williams & Lemmond,* for the plaintiffs.
*Redwine & Stack,* for the defendant.

WALKER, J., after stating the facts.   It is stated in the
record, as a fact found by the Judge, that the defendant,
after the appeal was dismissed, moved to dismiss the case
for the reasons set out in his motion to the same effect before
the board.   This motion was denied and defendant excepted.
It is stated in the case on appeal prepared by counsel that
this motion to dismiss the case was made before the appeal
was dismissed, but in this conflict the finding of the Judge
and the record must control.   The motion certainly came
too late, even if it should have been granted had it been
made earlier.   *Davenport v. Grissom,* 113 N. C., 38.

We are of the opinion that the appeal should have been
docketed at the term of the Court which commenced on the
first Monday of August (August 1), although it was for the
trial of criminal cases alone.   The provisions of section 2,
chap. 28, Acts 1901, are very broad and comprehensive, and
are certainly sufficient in their scope to include a case of this
kind.   By section 2 civil process may be returned to, and
pleadings filed at, that term; motions may be heard upon
notice and trials had in all civil actions which do not require
a jury.   See also, section 7.   It seems from these provis-
ions of the law that it was intended that all papers in civil
cases, required to be returned to the next term of the Supe-
rior Court, should be so returned without regard to whether
it is a civil or criminal term, and that such proceedings may
be had in any civil case as do not require the intervention
of a jury.   This being so, we cannot see why the appeal in
this case was not required to be sent up to the first term of
the Court, although it was a criminal term, as the motion of
the defendant, upon his special appearance, to dismiss, could
have been heard at said term, and if the Court had decided

either for or against the defendant and this Court had approved the judgment, provided the case had been brought here by a further appeal, it would have finally determined the action. Besides, the appellee has the right to have the case there, if the appellant intends to prosecute his appeal, so that he may make such motions as may be necessary to protect his rights and to speed the trial of the cause, and this seems to be the true intent of section 2 of the act. So that the case comes not only within the spirit but also within the letter of the act. But this Court, upon a full consideration of this statute, has decided that the appeal must be taken and the return made to the next term, whether criminal or civil, under the provisions of section 2. *Johnson v. Andrews,* 132 N. C., 376; *Pants Co. v. Smith,* 125 N. C., 588. Again, in all proceedings to lay out or alter public roads The Code, sec. 2039, gives the right of appeal but does not provide any method or machinery for perfecting and prosecuting the appeal except the requirement that a bond shall be given by the appellant to the appellee "as provided in other cases of appeal," and that the Superior Court at term shall hear the whole matter anew. It is further enacted by that section that an appeal may be taken from the judgment of the Superior Court "as is provided in other cases of appeal" in The Code. In the absence of any procedure prescribed by statute, we must proceed by analogy to the practice in other like cases, so that the intent and purpose of the Legislature may be effectuated as near as may be, and that the right of appeal may be preserved to the citizen, and at the same time not abused. It is well, therefore, to adopt the rules regulating appeals from justices' courts as being more nearly analogous to those which should govern in cases like the one under review, and more likely to carry out the intention of the Legislature and less apt to work injustice to the parties. We think, further, that those rules are reasonable

BLAIR *v.* COAKLEY.

and necessary to prevent delay and they can easily be observed. *Pants Co. v. Smith, supra.* It is required in the case of an appeal from a justice that he shall, within ten days after the appeal is taken and notice given, make a return to the appellate court and file with the Clerk thereof the papers, proceedings and judgment in the case and the notice of appeal. He may be compelled to make such return by attachment, but he is not bound to make it until his fees are paid. The appeal is heard upon the original papers. Provision is made for correcting the return and for the giving of an undertaking by the appellant. The Code, sec. 875—883 and section 565. It cannot be successfully maintained that the defendant has complied with those requirements of the statute, but whether or not he should be held to a strict observance of them we do not think that, reasoning from general principles, he has shown such a degree of diligence as entitles him to the favor or consideration of the Court. An appellant who merely prays an appeal and files a bond does not take an appeal within the meaning of the statute. *Wilson v. Seagle,* 84 N. C., 110. Without discussing the question whether it is his duty to see that a proper transcript is sent to the appellate court, he must at least put the Clerk under the obligation to act by paying or tendering his fees. *Sanders v. Thompson,* 114 N. C., 282; *Andrews v. Whisnant,* 83 N. C., 446. But the appellant took no action at all. He did not move at the first term for a *recordari* or rule on the commissioners to send up the case. If he found at the first term of the Court that the transcript or the papers had not been sent up and the case duly docketed, it was his plain duty, as has been repeatedly decided by this Court, to move at once for the necessary writ or process to perfect his appeal. *Howerton v. Henderson,* 86 N. C., 718; *Suiter v. Brittle,* 92 N. C., 53; *Pittman v. Kimberly,* 92 N. C., 562; *Wilson v. Seagle, supra.* When the appellant fails to per-

form his duty, the appellate court having cognizance of the case may, upon the papers being filed and the case docketed, dismiss the appeal. *Avery v. Pritchard,* 93 N. C., 266. The law requires this diligence on the part of the appellant in perfecting and prosecuting his appeal in order that the successful party may not be subjected by delay to the risk of losing the fruits of his victory or postponed in their enjoyment by the laches of his opponent. If an appellant should be permitted to move in a cause at his convenience and pleasure the right of appeal which is given for a useful purpose could easily be made to harass and vex the appellee (*Ballard v. Gay,* 108 N. C., 544; *State v. Johnson,* 109 N. C., 852; *Davenport v. Grissom, supra*), who is entitled to know when the litigation is at an end and to know, too, within a reasonable time.

The Act of 1899, chap. 443, provides that in appeals from justices' courts, if the appellant fails to docket his appeal in time the appellee may docket the case and upon motion have the judgment of the justice affirmed and recover the costs of the appeal. The judgment affirming is in substance equivalent to a judgment dismissing the action. The latter is given when no appeal has been docketed, as in this case, and the former when the appeal has been docketed and the record sent up, but no case on appeal has been filed. It certainly was not intended that the Court should look into the record for the purpose of passing upon the merits of the exceptions in the lower Court, for this would be to give the appellant, who has been in fault, the full benefit of his appeal, and the act would be self-destructive. *Davenport v. Grissom, supra.* In construing a statute we must ascertain the intention, for when a case is brought clearly within the intention of the law it is within the law itself. *People v. Lacombe,* 99 N. Y., 43. It is manifest what mischief was intended to be remedied, and we must so interpret the statute

as to suppress the mischief and advance the remedy. In view of the facts and circumstances of this case we believe the law has been substantially followed by the Court below.

No Error.