B. MacKENZIE v. DAVIDSON COUNTY DEVELOPMENT COMPANY.

(Filed 11 November, 1909.)

1. Justice's Court — Judgments — Appeal — Docketing — Laches of Justice—Principal and Agent.

A motion in the Superior Court for a *recordari* or an attachment under Revisal, 1493, is the remedy given an appellant for

MacKenzie v. Development Company.

the failure of the justice to send up an appeal, and it is no legal excuse for the appellant to show that he had paid to the justice his fees and those of the clerk, and that the justice had failed to docket it as required by the statutes. The appellant would thus make the justice his agent and for his neglect he would be responsible.

2. Justice's Court—Appeal—Docketing—Judgment—Laches—Void Appeal.

An appeal from a judgment of a justice of the peace must be docketed at the next ensuing term of the Superior Court commencing ten days after the notice of appeal, and an attempted docketing at a later term is a nullity. Revisal, 307-8.

APPEAL by defendant from *Long, J.,* June Term, 1909, of GUILFORD.

The facts are stated in the opinion of the Court.

*Stern & Stern* for plaintiff.
*E. D. Kuykendall* for defendant.

CLARK, C. J. The plaintiff obtained judgment before a justice of the peace in Guilford on 23 March, 1909. A term of the Superior Court for said county began on 29 March. A regular term for two weeks began on 12 April. On the tenth day after the judgment the defendant paid the justice thirty cents, the justice's fee for a return to the appeal, and fifty cents, with request to send it to the clerk, to docket the appeal. This the justice did not do. The appeal was not required to be docketed at the March term, as it began within less than ten days after the judgment. But it should have been docketed at the April term. This not having been done, the appellant, if in no default, should have asked at that term for a *recordari. Boing v. Railroad,* 88 N. C., 62; *Blair v. Coakley,* 136 N. C., 409; *Lentz v. Hinson,* 146 N. C., 31. Or he could have compelled the justice to make his return by attachment. Revisal, sec. 1493, provides: "The justice shall, within ten days after the service of notice of appeal on him, make a return to the appellate court and file with the clerk thereof all papers, proceedings and judgment in the case, with the notice of appeal served on him. He may be compelled to make such return by attachment."

The appellant did not try to docket the appeal nor avail himself of either of the remedies allowed by law if he was unable to do so. Nineteen days after the April term adjourned, the appeal was at last docketed, on the first day of the term of the Superior Court beginning 15 May. Revisal 1905, sec. 607, provides: "That if the appellant shall fail to have his appeal docketed, as required by law, the appellee may, at the next term of said court

next succeeding the term to which the appeal is taken, have the case placed upon the docket, and, upon motion, the judgment of the justice shall be affirmed and judgment rendered against the appellant accordingly."

Revisal, sec. 608, provides: "When the return is made, the clerk of the appellate court shall docket the case on his trial docket for a new trial of the whole matter at the ensuing term of said court." The appellant did not comply with the statutory requirements as to appeals. Merely praying an appeal is insufficient. He must personally see that the appeal is perfected. These sections of the Revisal mean that the appeal must be docketed at the next ensuing term, and an attempted docketing at a later term is a nullity. In *Davenport v. Grissom,* 113 N. C., 38, it was held that the judge "had no discretion to permit the appeal to be docketed at a subsequent term to the one to which it should have been returned," and that "the attempted docketing at such subsequent term was a nullity." This ruling has been cited and approved. *Pants Co. v. Smith,* 125 N. C., 590; *Johnson v. Andrews,* 132 N. C., 380; *Johnson v. Reformers,* 135 N. C., 386; *Blair v. Coakley,* 136 N. C., 407; *McClintock v. Ins. Co.,* 149 N. C., 35.

In *Hawks v. Hall,* 139 N. C., 176, relied on by the appellant, the appeal was docketed in apt time and the appellee entered a general appearance, but after the case had been on docket for several terms moved to dismiss because the return to the appeal had not been signed by the justice of the peace. In *Johnson v. Andrews,* 132 N. C., 376, the appellant paid the clerk his fee and the clerk told him the case was docketed. It being a criminal term, no civil docket was made up, and the appellant having done all in his power, and being in no laches, the court held that the appeal should not have been dismissed.

But here the appellant did not pay the clerk his fee for docketing, and let the two weeks of April term pass by without any effort to get the appeal docketed, though the statute required it should be docketed at that term.

As this Court has said, in *Pepper v. Clegg,* 13 N. C., p. 316. "If a person has a case in court, the best thing he can do is to attend to it." The payment of the clerk's fee to the justice cannot avail him, for this should have been paid to the clerk, and its payment to the justice merely made the justice his agent. If he has lost any rights, he has lost them through the carelessness of his agent and his own neglect to avail himself of the remedies of *recordari* and attachment that the law gives him. He cannot now be heard to complain, for, as the Court says, in *Fain v. Railroad,* 130 N. C., 31, he was the actor, the mover in all this matter.                    Affirmed.