E. PELTZ AND L. RICHARDSON v. J. MILTON BAILEY.

(Filed 27 November, 1911.)

**1. Courts, Justices'—Appeal—Time of Docketing—Procedure.**

An appeal from the court of a justice of the peace should be docketed at the next ensuing term of the Superior Court if the judgment appealed from has been rendered more than ten days before that term, without the discretion of the trial judge to grant indulgence or extension of time. Revisal, sec. 608.

**2. Same—Recordari—Laches—Attorney and Client.**

When an appeal from a justice's court has not been docketed within the time prescribed by the statute (Revisal, sec. 608), the appellant should move for a *recordari*, at the first ensuing term of the Superior Court, that the appeal should be docketed; and though appeal had been prayed in open court and the fee of the justice paid, the failure to move for a *recordari* and to make proper inquiry of the clerk of the Superior Court as to whether the case has been docketed is such laches as will, in the absence of agreement of the parties, entitle the appellee to have the case dismissed upon his motion; and the fact that appellant has employed an attorney to look after the appeal will not excuse him.

BROWN, J., dissenting.

APPEAL from *Long, J.,* at April Term, 1911, of MITCHELL. The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

PELTZ *v.* BAILEY.

*Charles E. Greene for plaintiffs.*

*W. L. Lambert, Councill & Yount, and Black & Ragland for defendant.*

CLARK, C. J. This is an appeal from an order dismissing an appeal from a justice of the peace. The judge finds the facts as follows:

The judgment was rendered by a justice of the peace 22 July, 1910. The defendant appealed and gave notice thereof in open court. The justice was doubtful whether his fee of 30 cents had been paid, but upon conflicting evidence the court found that it had been. The next term of the Superior Court began 25 July and the next regular term was held in November. The appeal was not sent up till 27 March, 1911. At November term the defendant attended court, but was informed by his attorneys that the cause could not be tried at that term and returned home. Neither the defendant nor his counsel asked the clerk, nor examined the docket at that term to see, whether the cause was docketed or not. Nor was any *recordari* asked for nor was there any offer at that term to docket the case.

The appellee has rights as well as the appellant. The failure to docket the appeal in this case at the November term was negligence on the part of the appellant which entitled the appellee to have the appeal dismissed. This point has been so often held by this Court that it admits of a mild surprise that it can again be presented. In *Pants Co. v. Smith,* 125 N. C., 588, the Court held that an appeal from a justice of the peace should be dismissed, on motion of the appellee, "when not docketed for trial at the next succeeding term of the Superior Court, if it began more than ten days after judgment rendered." The Court further said that this provision of the statute was "reasonable in order to prevent further delay and put an end to litigation in a reasonable time," citing *S. v. Johnson,* 109 N. C., 852; *Ballard v. Gay,* 108 N. C., 544; *Davenport v. Grissom,* 113 N. C., 38.

In *Davenport v. Grissom, supra,* the Court held that an appeal from the judgment of a justice of the peace rendered more than ten days before the next ensuing term of the Superior Court should be docketed at that term, and that an attempted docket-

ing at a subsequent term is a nullity; hence, that such appeal was not in the Superior Court and the plaintiff could not take a nonsuit. In that case the Court held that the judge properly held that he "had no discretion to permit the appeal to be docketed at a subsequent term to the one to which it should have been returned. The appellant had his remedy (if in no default) by an application for a *recordari* at the first ensuing term of the Superior Court after appeal taken. *Boing v. R. R.,* 88 N. C., 62." This case has been cited since with approval. *Pants Co. v. Smith, supra; Johnson v. Andrews,* 132 N. C., 380; *Johnson v. Reformers,* 135 N. C., 386; *Blair v. Coakley,* 136 N. C., 407; *MacKenzie v. Development Co.,* 151 N. C., 278.

In *Johnson v. Andrews, supra,* the appellant was held excused because the return to the appeal was delivered to the clerk and 50 cents was paid him by the appellant to docket the appeal; and there being no civil docket made up at that term, the appellant asked the clerk if the appeal had been docketed, and was told by him that it had been; hence the appellant was in no default and was entitled to have his case tried. In the present case the appellant did not pay the clerk for docketing the appeal and made no inquiry as to whether it had been sent up or whether it had been docketed, and neither he nor his counsel paid any attention to the matter. The appellee had the right under the statute and the repeated decisions of the Court to consider the litigation terminated.

Revisal, 608, requires an appeal from the justice of the peace to be docketed at the next ensuing term of said court, which the Court has held means the next ensuing term "which begins more than ten days after the judgment in the magistrate's court"; and the statute provides further that the case shall be triable at such first term of the Superior Court at which the appeal is required to be docketed. The courts have no more right to dispense with such requirement as to docketing an appeal in the Superior Court than to disregard the similar provision as to docketing an appeal in this Court. To further expedite the trial of appeals from justices, Revisal, 609, provides that such causes shall be tried upon the original papers.

The only cases in which an appeal can be docketed either in the Superior Court or in this Court, after the next ensuing term, is when there has been no laches on the part of the appellant or when there is the consent of parties. *Jerman v. Gulledge,* 129 N. C., 242.

In *MacKenzie v. Development Co.,* 151 N. C., 277, this Court reviewed the decisions and reaffirmed the ruling that "an appeal from a justice of the peace must be docketed at the next ensuing term of the Superior Court commencing more than ten days after the notice of the appeal. An attempted docketing at a later term is a nullity." Revisal, 307, 308. And further reiterated what was said in *Pepper v. Clegg,* 132 N. C., 316, "That the employment of counsel does not excuse the client from giving proper attention to the case. *McLean v. McLean,* 84 N. C., 366; *Vick v. Baker,* 122 N. C., 98; *Norton v. McLaurin,* 125 N. C., 185"; to which was added: "When a man has a case in court, the best thing he can do is to attend to it."

The courts have sufficient employment to decide the cases which are presented to them on the merits, without taking up valuable time to consider pleas to excuse the negligence of parties who do not think enough of their appeals to attend to them in the time provided by statute. After such time the appellee is entitled to consider the litigation at an end.

The judgment dismissing the appeal is
Affirmed.

BROWN, J., dissenting. Upon the facts as found by the judge of the Superior Court, the defendant took an appeal in open court from the judgment rendered, and paid the fees of the justice of the peace fixed by law, and demanded that the transcript be forwarded to the Superior Court. This was not done. I think the defendant did all the law required of him, and that it was the duty of the justice to forward the appeal without further request. Having done all the law required, I think the defendant ought not to be charged with the justice's neglect, and that the case should be docketed as upon *recordari.* Where there is no substantial negligence upon part of a litigant, his cause should not be dismissed. The law favors trials upon the merits.