LOUIS R. ABELL v. THORNTON LIGHT AND POWER
COMPANY.

(Filed 8 May, 1912.)

**Justice Court—Appeal—Docketing—Motion to Dismiss—Practice.**

In an appeal from a judgment of a justice of the peace, the
appellant paid the justice his fee for a transcript of the record,
and at the next term of the Superior Court, which was held
more than ten days after the rendition of the judgment, he
inquired of the clerk of the court if the appeal had been sent up,
and was mistakenly informed by him' that it had not. The ap-
pellant, although he knew the case had not been docketed, did
not apply for a *recordari*, nor to the justice for another return,
nor did he file a verified copy of the return, under leave of the
court, but attempted to docket his appeal at a subsequent term:
*Held*, that he was in laches, and the appeal was properly dis-
missed, on motion of appellee, under the ruling in *Pell z v.
Bailey*, 157 N. C., 166.

BROWN, J., dissenting.

APPEAL by defendant from *Foushee, J.,* at October Term,
1911, of CATAWBA.

The facts are sufficiently stated in the opinion of the Court
by *Mr. Justice Walker.*

*A. A. Whitener* for plaintiff.
*Charles L. Sykes* for defendant.

WALKER, J. Action for goods sold and delivered, tried before
a justice of the peace, 16 May, 1911, when judgment was ren-
dered for the plaintiff. Notice of appeal given at once by
defendant, and, as defendant alleges, the fee for docketing appeal
was paid. On 7 July, 1911, defendant inquired of the justice
if the case had been sent up and docketed, who answered that it
had not been returned to court, because fees were not paid.
The fee was then paid, with a request that return be sent up
and docketed, so that the case would stand for hearing at the
next term, which commenced on 10 July, 1911. The justice
immediately made out the return and delivered it to the clerk
of the Superior Court, who, by inadvertence, misplaced it, so
that it could not be found at July term. The case was not
docketed at that term, nor was there any motion to docket, nor

any application for a *recordari.* No action was taken at July term. The return of the justice to the appeal was found by the clerk about 1 October, 1911, and the case was then docketed, the next term being the one which commenced on the 30th day of that month, at which term the plaintiff moved to dismiss the appeal. The motion was granted, and defendant appealed. There is no error in this ruling. *Ballard v. Gay,* 108 N. C., 544.

The case is governed in every respect by *Peltz v. Bailey,* 157 N. C., 166, and the cases therein cited. This Court referred, in the opinion delivered by the *Chief Justice* in *Peltz v. Bailey,* to the case of *Davenport v. Grissom,* 113 N. C., 38, and held, under the authority of that case and others, that "An appeal from the judgment of a justice of the peace, rendered more than ten days before the next ensuing term of the Superior Court, should be docketed at that term, and an attempted docketing at a subsequent term is a nullity. Hence, that such an appeal was not in the Superior Court, and the plaintiff could not take a nonsuit. The judge properly held that he 'had no discretion to permit the appeal to be docketed at a subsequent term to the one to which it should have been returned. The appellant had his remedy (if in no default) by an application for a *recordari* at the first ensuing term of the Superior Court after appeal taken. *Boing v. R. R.,* 88 N. C., 62.' This case has been cited since with approval. *Pants Co. v. Smith,* 125 N. C., 588; *Johnson v. Andrews,* 132 N. C., 380; *Johnson v. Reformers,* 135 N. C., 386; *Blair v. Coakley,* 136 N. C., 407; *McKenzie v. Development Co.,* 151 N. C., 278." The case of *Davenport v. Grissom,* 113 N. C., 38, seems to be directly against the contention of the appellant.

It is supposed that this case bears a close resemblance to *Johnson v. Andrews,* 132 N. C., 380, but we do not think so. The facts of the two cases are materially different. *Johnson v. Andrews* is distinguished by the *Chief Justice* in *McKenzie v. Development Co., supra,* and *Peltz v. Bailey, supra,* from those cases and the others we have cited. It rests upon its own peculiar facts. In that case the appellant had done all that the law required of him, and he was misled by a statement of the clerk, made, as it turned out, inadvertently, but not less

positively, that the appeal had been docketed, when in fact it had not been. We held this to be excusable, as the failure to docket was the fault of the clerk, and appellant proceeded thereafter, without laches, in ignorance of the true situation. But no such case is presented here. The appellant, it is true, paid the justice his fee, and requested him to make return to the appeal, which he did. Appellant did not tender the fee for docketing to the clerk. He inquired of him if he had docketed it, and was told that it had not been, nor had the return been received. This was both before the July term and during the term, and appellant had ample time to supply the missing document. The clerk was mistaken as to the fact, and the return was in his office, but he was not mistaken when he told the appellant that the appeal had not been docketed, and when informed of the fact it was the plain duty of the appellant to see that it was docketed at that term. But he took no steps by applying to the justice for another return, or by filing a verified copy, under leave of the court, or by application for a *recordari,* or in any other way. This was not such diligence on his part as the law required of him. In *Johnson v. Andrews* the appellant believed that the appeal had been docketed, as he had been so informed by the clerk, while in this case the appellant knew that his appeal had not been docketed and was not likely to be, as the clerk had so told him, and he did not move in the matter. These facts differentiate the two cases. In *Johnson's case* the appellant did all that prudence required of him, but in this case he failed to do so.

The result of the decisions is that where the judgment is rendered by the justice more than ten days before the term of the Superior Court to which the appeal is taken, the return must be made to that term, and it is the duty of the appellant, in the use of proper diligence, to see that the case is properly entered upon the docket, and if it is not, he loses his appeal, unless he applies at that term for a *recordari* or takes such other steps as are necessary to have it done. After the return term, the judge has no discretion which he can exercise in his favor. *Johnson v. Andrews* was an exceptional case, but this is not.

No error.

BROWN, J., dissenting: I differ with my brethren in the conclusion that the defendant, appellant, has been guilty of any laches by which he has forfeited the right to have his appeal docketed in the Superior Court of Catawba County and tried *de novo.*

The cause was tried by a justice of the peace on 16 May, 1911. The defendant appealed to the Superior Court. On 7 July, 1911, the defendant's attorney, having duly appealed in open court and given notice of appeal, paid the justice of the peace his fee of 30 cents for sending up the transcript of appeal. The justice of the peace, on 7 July, 1911, made his return to the notice of appeal, and delivered the transcript to the clerk of the Superior Court.

It is admitted that the said transcript was in the clerk's hands on the said date, and that by inadvertence he failed to place it upon the trial docket, or calendar, in time to be heard at the court which convened on the 10th day of July.

I do not think that this case is governed by the rule laid down in *Peltz v. Bailey,* 157 N. C., 166. In this case the defendant could not properly apply for *recordari* at the July term of Catawba Superior Court for the reason that the justice of the peace had already filed the record and transcript with the clerk of the court, and the defendant had a right to suppose that the clerk had discharged his duty and entered it upon the trial calendar.

I am of opinion that when the appellant discharges every duty required of him by law, and causes the transcript of the appeal to be delivered to the clerk of the Superior Court, and pays all of the legal fees, that the appeal is to all intents and purposes then and there docketed in contemplation of law, and the court will not permit a litigant to be prejudiced by the inadvertence of the clerk in failing to place the appeal upon the trial calendar.

It is found as a fact that if the appeal had been placed upon the trial calendar at the July Term, 1911, it could not have been tried on account of the crowded condition of the docket, and that it could not have been reached for a hearing at that term.

The defendant was, therefore, excusable in not examining the trial calendar to see if his appeal had been placed upon it, for he had a right to suppose that the clerk had performed his duty in all respects.

I think that the disposition of this case is directly antagonistic to the decision of this Court in *Johnson v. Andrews,* 132 N. C., 377, in which it is held that where an appellant pays the fees for the return and docketing of an appeal from a justice of the peace the appeal will not be dismissed for the failure of. the clerk of the Superior Court to docket the same.

In that case *Mr. Justice Walker* well says: "It appears that the counsel for the defendant did everything that the law requires of him or his client. He caused the return to the notice of appeal to be made by the justice, and paid the fee therefor within the time fixed by law. The return was immediately filed with the clerk. His fee for docketing the appeal was paid, and he was requested to docket it. What more could counsel have done, or was he required to do, in order to protect the interests of his client and save his right to have the case heard *de novo* in the Superior Court? When he caused the return to be filed with the clerk, and paid the fee for docketing, it became the duty of the clerk to docket the appeal, and surely the law will not permit the defendant to be prejudiced or deprived of his right to have a trial in the Superior Court by any fault or neglect of the clerk, when the counsel has been vigilant at every stage of the case up to the very point where his duty ended and that of the clerk began."

I know of no precedent or statute which requires the defendant in this case to examine the trial calendar or docket at the July term to ascertain if the clerk had done his duty and docketed the appeal there.

The defendant had a right to suppose that the clerk had discharged his duty, and that if the case was reached upon the call of the docket, it would be tried in its order. I do not think a technicality like the one insisted on in this case should be permitted to defeat the purposes of justice.

While the facts of this case are nearly but not exactly identical with *Johnson v. Andrews,* it is apparent that the principle

of practice stated by *Justice Walker* is broad enough to cover this case to the extent that the attorney or his client should not be held responsible for the oversight of the clerk.