## A. L. ARUNDELL COMPANY v. IVEY MILL COMPANY.

(Filed 10 December, 1913.)

1. **Justices' Courts—Appeal Docketed in Superior Court—Notice of Appeal—Discretion of Court.**

    After an appeal from a judgment rendered by a justice of the peace has been duly docketed in the Superior Court, without notice thereof to the appellee, it is within the discretion of the Superior Court judge then to allow such notice to be given.

2. **Contracts, Written — Vendor and Vendee — Trials — Evidence—Copies—Harmless Error.**

    Where the controversy rests upon a written order or contract for the sale of goods, and a carbon copy of this order offered by the vendee has been admitted in evidence, the original being in the hands of the vendor, the error, if any, is cured by the introduction of the original order by the vendor, identical with the copy.

**3. Contracts, Written—Vendor and Vendee—Warranties—Parol Evidence—Trials—Evidence.**

> Where a written order for the purchase of oil, accepted by the vendor, provides that if the "goods prove unsatisfactory after a thorough trial by the purchaser within thirty days after delivery, the remaining quantity may be returned, without any charge for what has been used in the ·test," evidence is competent on behalf of the vendee, tending to show that the sales agent, at the time of the sale, informed him that the vendor would send a demonstrator and that the vendee should not use the oil until he arrived; for such evidence is not a variance with or contradiction of the written order, and in this case is competent to explain the vendee's delay in returning the unsatisfactory goods under the provision of the contract.

APPEAL by plaintiff from *Cline, J.,* at July ·Term, 1913, of CATAWBA.

This is an action to recover $81.50, the price of certain oil, which the plaintiff alleges it sold to the defendant, which was tried in the Superior Court on appeal by the defendant from the judgment of a justice of the peace.

At a term of court prior to the one at which the action was tried, the plaintiff moved to dismiss the appeal "on account of no notice being given." His Honor denied the motion and allowed notice to be given *nunc pro tunc,* and the plaintiff excepted.

During the trial, the defendant introduced a duplicate or carbon of the order for the oil, which he gave the salesman of the plaintiff, which contains the following clause:

"NOTICE.—It is hereby understood and agreed to by and between the Standard Oil Leather Dressing Company and the purchaser, that should these goods prove unsatisfactory after a thorough trial by the purchaser up to or within thirty days after the delivery, the remaining quantity may be returned, without any charge for what has been used in the test."

The plaintiff excepted, and afterwards introduced the original order.

George F. Ivey testified in behalf of the defendant as follows: "I am superintendent of defendant company. In May,

1912, Applebanner, salesman of the plaintiff, came to see me. He said he had a very fine quality of belt oil—best ever invented; wanted me to buy some. The order is in the possession of the plaintiff. Applebanner said it was necessary for us to be shown how to apply the oil, and that the company could send a demonstrator; to be sure not to use the oil till the demonstrator arrived."

Plaintiff objected to this evidence. Objection overruled; plaintiff excepted.

The oil was unsatisfactory to the defendant, and was returned to the plaintiff.

There was a verdict and judgment for the defendant, and the plaintiff excepted and appealed.

*A. A. Whitener for plaintiff.*

*B. B. Blackwelder, Charles W. Bagby, and W. A. Self for defendant.*

ALLEN, J. It was within the discretion of the judge to allow the notice of appeal to be given after the case was docketed in the Superior Court. *Marsh v. Cohen,* 68 N. C., 283; *State and Alice Wells v. Johnson,* 109 N. C., 852. In the last case the Court says: "Any hardship which might, under any circumstances, be entailed on an appellant by failure to serve notice in a legal manner and within the statutory time is removed by the discretion reposed in the appellate court to permit notice to be given after that time."

The case of *Abell v. Power Co.,* 159 N. C., 348, and others like it, relied on by the plaintiff, are not applicable, because in them the motion to dismiss was on the ground that the appeal had not been docketed according to law, and in this case the basis of the motion is that notice of appeal was not given.

If there was error in admitting carbon copies of the written order, it was cured when the plaintiff, in order to make out its case against the defendant, introduced the original.

The evidence of the conversation with the salesman of the plaintiff is competent. It does not vary or change the written order, and is important and material only as explanatory of the

delay in making a test of the oil, in order that the defendant might avail itself of the provision in the order to return if unsatisfactory after a test.

If the evidence is competent, it follows that there was no error in adverting to it in the charge.