## L. D. POWELL & COMPANY v. W. W. ROGERS.

(Filed 29 September, 1920.)

**Justices' Courts—Appeal—Motions—Recordari—Dismissal.**

> When the appellant from a judgment of a justice of the peace has properly given his notice of appeal, paid the fee, but has not moved in time for a *recordari* in the superior court, a motion to dismiss should be allowed.

APPEAL by plaintiff from *Devin, J.,* at the April Term, 1920, of HERTFORD.

This is an action begun before a justice of the peace, and heard on appeal before *Devin, J.,* and a jury.

In the trial before the justice of the peace, had on 20 June, 1917, judgment was rendered against the defendant for the sum of $188.75, with interest thereon from that date, and costs. Defendant in open court gave notice of appeal to the Superior Court, and paid the justice his fee for making the return. The justice of the peace filed his return to notice of appeal in the office of the clerk of the Superior Court on

16 November, 1917, and the appeal was docketed in the Superior Court for a special term beginning 7 January, 1918.

At a term of court held in Hertford County, beginning 30 July, 1917, and more than ten days after the trial and judgment by the justice of the peace, defendant failed to apply for a writ of *recordari* in order to perfect his appeal; nor was such application made during a term beginning 15 October, 1917. The next term of court held in said county was a special term, beginning 7 January, 1918, at which term said appeal appeared on the docket. . . . At that term plaintiff moved to dismiss the appeal, as appears in the record, which motion was continued until the next term. The motion to dismiss was heard before *Kerr, J.,* at the following term, held in February, 1918, when said motion was denied, and the case continued for trial in the Superior Court.

To this ruling plaintiff excepted.

Upon trial in the Superior Court, verdict and judgment was rendered for the defendant, and plaintiff appealed.

*W. D. Boone* for plaintiff.
*No counsel for defendant.*

PER CURIAM. The judgment is reversed on the authority of *Davenport v. Grissom,* 113 N. C., 38, and *Bargain House v. Jefferson,* at this term. The appeal from the justice must be dismissed.

Reversed.